**Don BELLFEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0666–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1982.

Catherine E. Green, Steve Houston Watkins, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appellant was convicted of aggravated sexual abuse of a child, alleged to have occurred on May 4, 1981. The jury returned a verdict of guilty on an indictment alleging that appellant placed his penis in the anus of the six year old male complainant, and assessed punishment at twelve years confinement. We affirm the judgment.

On the date of the offense the complainant and another young boy were crawfishing when they encountered a person they identified in court as the appellant. Two other witnesses also testified they saw appellant with the two boys on the date in question.

The appellant took the boys into a wooded area and then ordered them to pull down their pants, threatening to kill them and throw them in the river if they refused. Each of the boys was forced to commit oral sodomy. The complainant testified that the appellant also "stuck his you-know-what in my butt". Appellant then allowed the boys to leave, warning them that he would come back and kill the boys if they told anyone. The boys ran home, crying, and told their parents of the events.

The complainant's father asked other people in the neighborhood for information

about the identity of the suspect. A Mrs. Martinez provided the father with a picture of people, including appellant, at a children's birthday party. Jimmy Dean Moore identified appellant in the picture as the man he had seen crawfishing with the two boys. At a lineup Michael Dorcz positively identified the appellant, and Jimmy Dean Moore tentatively identified the appellant.

Appellant's first ground of error alleges abuse of discretion by the trial court in finding the complainant, a six year old boy, competent to testify.

The competency of a witness to testify is stated in Tex. Code Crim. Pro. Ann. art. 38.06 (Vernon 1979) as follows:

[a]ll persons are competent to testify in criminal cases except the following:

(2) Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligations of an oath.

Appellant argues that the complainant lacks sufficient intellect to relate transactions with respect to which the complainant was being interrogated. No complaint is made regarding the complainant's understanding of the obligation of the oath.

The trial court in the instant case did conduct a hearing to determine the competency of the complainant to testify. At the conclusion of the hearing the court declared the complainant competent to testify.

In *Watson v. State,* 596 S.W.3d 867 (Tex. Cr.App. 1980), the Court discusses the meaning of art. 38.06, supra, as follows:

[i]t has also been said that there are three elements which must be considered in determining whether a witness is in fact competent to testify. The first is a capacity to observe intelligently at the time of the events in question. The other elements of capacity are recollection and narration, though the former is usually merged into the latter. See 1 Texas Practice §§ 271, 252–253, Evidence (2d ed), McCormick & Ray.

*id.* at 870. Appellant cites several instances in the record where the complainant was unable to recall facts in response to specific questions, none of which related to the facts of the instant offense, for example:

"Q. (By the Court) How do you spell your last name?

A. (By the complainant) I don't know what my last name is."

However, the complainant was apparently stating that he didn't know what *a* last name is, rather than stating he didn't know *his* last name, for the reason that in response to the first question to him, "[n]ow, will you state your name, [complainant's first name].", the complainant responded with his full name, first and last. Appellant also notes the complainant was unable to state his address or his Sunday school teacher's name. The colloquy was as follows:

"Q. Have you thought about what your address is at home?

A. No.

Q. Did you ever learn that yet?

A. No."

"Q. Have you and [complainant's siblings] ever gone to church?

A. Yes, sir.

Q. Sunday School?

A. Yes, sir, *sometimes.*

Q. What is your Sunday school teacher's name?

A. I forgot her name."

Appellant characterizes these responses as indicative of the complainant's incompetency to recollect facts. Aside from the inconclusive effect of the complainant's negative responses noted above, the record is replete with instances where the complainant was able to accurately answer specific questions testing his memory.

Appellant further notes one instance where the complainant incorrectly answered questions posed to him. The complainant incorrectly stated that he was shown a picture of the appellant (by his father) the *same evening as the attack on him.* In truth, the picture was shown to him some ten days later. The trial of this cause oc-

curred some four months after the complainant was attacked, and later shown a. photo of the appellant.

A trial court's decision to declare a witness competent to testify is based on the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion, as reflected by the *entire* testimony of the subject witness, not just the testimony given in the competency hearing. *Clark v. State,* 558 S.W.2d 887 (Tex. Cr. App. 1977). No abuse of discretion by the trial court is shown in allowing the complainant to testify; the first ground is overruled.

Appellant's last ground of error alleges the evidence to be insufficient to establish the *actus reus* of the offense, that appellant inserted his penis into the anus of the complainant.

The testimony regarding the penetration is as follows:

Q. (By the State) After you went back toward the river or what you have described as the river with this man, what happened at that time, [complainant], what happened?

A. [Complainant] He made us pull down our pants?

Q. Did he make any threats?

A. Yes.

Q. What did he say to you?

A. He said if you don't do, if you don't do it he'd throw us in the river and kill us.

Q. He said he'd throw you in the river and kill you?

A. Yes.

Q. Did you think he would really do that to you?

A. Yes.

Q. Did he make you do anything after you pulled your pants down?

A. Yes.

Q. What did he make you do, [complainant]?

A. He made us suck his number one.

Q. Is that what you use to go to the bathroom with?

A. Yes.

Q. And in order to go to the bathroom, this is the male penis that you take out to go to the bathroom with through your zipper; is that right?

A. Yes.

Q. And he made you do what with *his you know what?*

A. He made us suck it.

Q. Did you suck it?

A. He made us.

Q. Does that mean you put it in your mouth?

A. (Nods affirmatively).

Q. Is that a yes, [complainant]?

A. Yes.

Q. Did he do anything else to you, [complainant], besides make you suck his penis?

A. Yes.

Q. What else did he do to you?

A. He stuck *his you know what* in my butt.

Q. By "butt", as you would refer to, is where you would make number two; is that right?

A. Yes, sir.

Q. And that would be your buttocks, right, your rear end?

A. Yes, sir. (emphasis added)

It is immediately apparent that the complainant was unwilling to describe the male genitalia as a "penis", if, in fact, he understood what a penis is. However, it is noticed that after the prosecutor determined that the complainant was referring to appellant's penis when the complainant stated he was forced to suck appellant's "number one", the prosecutor immediately repeated the question asking what the complainant was forced to do to appellant's "you know what". The complainant again stated he was forced to suck it. This testimony clearly implies that the complainant understood the phrase "his you know what" to mean the appellant's penis. The complainant then stated that the appellant "... stuck his you know what in my butt." We are unable to conclude that the complainant was referring to anything other than the appellant's penis.

The appellant argues that the phrase "his you know what" inconclusively describes the appellant's penis, citing to testimony by other witnesses that, shortly after the attack, the complainant stated that the appellant stuck "something in the complainant's butt". In light of the complainant's reluctance to discuss male genital anatomy, such testimony does not seem inconsistent with the complainant's trial testimony. Appellant does not challenge the proof of the fact of penetration, but rather, the means used to effect a penetration. In *Clark,* the court reaffirmed the rule that "... evidence [is] sufficient to show a touching of the genitals or 'sexual parts' even though the victim used language different from that in the statute to describe the part of the body touched." *Id.* at 889 and cases cited therein. Appellant's second ground of error is overruled and the judgment affirmed.