Paul CUMMINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0296–CR.

Court of Appeals of Texas,
Amarillo.

March 7, 1983.

Rehearing Denied March 28, 1983.

Mann & McConnell, John Mann, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., John E. Terry, Asst. Dist. Atty., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Judge.

Appellant was convicted of sexual abuse of a child, Tex.Penal Code Ann. § 21.10(a), (d) (Vernon 1974) and assessed five years confinement in the Texas Department of Corrections. He urges, in four grounds of error, that (1) his confession was the inadmissible product of an illegal arrest because the sworn complaint supporting the arrest warrant did not provide a basis for a finding of probable cause; (2) the evidence is insufficient to sustain his conviction, because there was no evidence that the sexual conduct alleged in the indictment occurred; (3) the trial court erroneously received evidence of extraneous offenses and (4) the trial court improperly refused his requested jury instruction on the lesser-included offense of indecency with a child. We affirm.

The sworn complaint that led to the issuance of the arrest warrant, after reciting the facts of the crime, stated:

Affiant, James LaFavers, is a detective with the Amarillo Police Department and has received information from the Complainant that the defendant committed the acts as alleged above.

Appellant initially attacks the failure of the complaint to recite, for the magistrate's evaluation, an independent basis for the conclusion of the police officer that probable cause existed for the arrest. The absence of any corroborative evidentiary facts or circumstances, says appellant, violated the principles of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); thus, his statement was an inadmissible product of the resultant illegal arrest.

■ The Supreme Court has held that an arrest warrant issued by a magistrate must be based upon sufficient information to support an independent judgment that probable cause exists. *Whitely v. Warden of Wyoming Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Aguilar v. State, supra.* Where, however, the victim or eyewitness to the offense is the direct source of the information conveyed to the magistrate via a police officer, neither facts independently corroborative of the occurrence nor the basis for the claimed reliability of the eyewitness need be recited. *Willeford v. State,* 625 S.W.2d 88, 91 (Tex. App.—Ft. Worth 1981, no pet.); *Jones v. State,* 568 S.W.2d 847, 855 (Tex.Cr.App. 1978); *Jackson v. State,* 470 S.W.2d 201, 203 (Tex.Cr.App.1971). See also *United States v. Burke,* 517 F.2d 377, 380 (2nd Cir.1975); *United States v. Rueda,* 549 F.2d 865, 869 (2nd Cir.1977); *United States v. Bell,* 457 F.2d 1231, 1238 (5th Cir.1972).

■ In this case, the victim related details of the offense to the affiant, Detective LaFavers, upon whose oath the warrant issued. Her direct accusation, personally conveyed to the police officer and by him to the magistrate, is sufficient to support is-

suance of an arrest warrant. *Jones v. State, supra; Jackson v. State, supra.*

Having resolved adversely to appellant his threshold contention under his first ground, we must now dispose of his subsidiary contention that his confession was involuntary. Appellant's reliance on *Green v. State,* 615 S.W.2d 700 (Tex.Cr.App.1981) is misguided, because it pre-supposes the insufficiency of the affidavit supporting the arrest warrant. Our inquiry, instead, is whether the rights secured to appellant by the Fifth Amendment were violated.

The record reflects that appellant was arrested, pursuant to the warrant, at approximately 4:00 p.m. on March 26, 1981. Later that evening, after being given his *Miranda*[1] warnings by Detective LaFavers, appellant gave a statement that was partly inculpatory and partly exculpatory. He was then placed in the Amarillo city jail and, the following morning after again being cautioned pursuant to *Miranda,* he gave another statement to Detective LaFavers recanting his prior statement and admitting the deviate sexual acts with the complainant as alleged in the felony complaint. Thereafter, he was brought before a magistrate for arraignment at approximately 1:00 p.m. the afternoon of March 27.

■ The evidence indicates that appellant could and probably should have been arraigned on the morning of March 27, prior to his giving the statement received in evidence. However, absent a showing of causal connection between the failure to take him before a magistrate, as required by Tex.Code Crim.Pro.Ann. art. 15.17 (Vernon Supp.1982) and his confession, its validity is not affected. *McDonald v. State,* 631 S.W.2d 237, 239 (Tex.App.—Ft. Worth 1982, no pet.); *Von Byrd v. State,* 569 S.W.2d 883, 893–4 (Tex.Cr.App.1978) cert. den. 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979). Cf. *Madden v. State,* 630 S.W.2d 380 (Tex.App.—Amarillo 1982), aff'd, 644 S.W.2d 735 (Tex.Cr.App.1983); *Green v. State, supra.*

■ Appellant was given a *Jackson v. Denno* hearing[2] in which it was established that Detective LaFavers reviewed the warnings required by *Miranda* before taking the second confession. The trial court, after hearing that evidence, concluded that the statement was voluntary and the evidence sustains the trial court's finding on that issue. *McDonald,* 631 S.W.2d at 239; *English v. State,* 592 S.W.2d 949, 952 (Tex. Cr.App.1980) cert. den. 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980). Appellant's first ground of error is overruled.

■ By his second ground appellant challenges the sufficiency of the evidence to establish that he sexually abused the complainant in the manner pled in the indictment. The allegation was that appellant

with the intent to arouse and gratify the sexual desire of [appellant] [did] have deviate sexual intercourse with [complainant], a person under the age of seventeen years and not the [appellant's] spouse, by placing his penis in the mouth of the complainant.

After reviewing all of the evidence, we are satisfied it was sufficient. First, we observe that, in his inculpatory statement, appellant described the commission of the very act alleged in the indictment, although his language was not as elegant as that used by the draftsman of the indictment. Second, the complainant testified as follows:

"Q.  O.K.  Did you also touch him with your mouth?

A.  Yes.

Q.  And where did you touch him with your mouth?

A.  Where he goes to the bathroom at."

That testimony, says appellant, proves nothing because of alternative meanings of the phrase "where he goes to the bathroom at."

■ Texas law recognizes that a child may lack the technical knowledge to accurately describe parts of his or her body. Where, however, the child has sufficiently

1.  *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

communicated to the trier of fact that the contact occurred with respect to a part of the body within the definition of Tex.Penal Code Ann. § 21.01 (Vernon Supp.1982), the evidence will be sufficient to support a conviction regardless of the unsophisticated language used by the child. *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Cr.App.1977). *Accord: Bellfey v. State,* 638 S.W.2d 48, 50 (Tex.App.—Houston [1st Dist.] 1982, no pet.). See also *Tyra v. State,* 534 S.W.2d 695 (Tex.Cr.App.1976); *Whatley v. State,* 488 S.W.2d 422, 424 (Tex.Cr.App.1972). In this case, the child made numerous references in her testimony to "the place where (I or he) goes to the bathroom" and it is apparent from her testimony that she was referring to sexual organs. Viewed in the total context of the testimony, the trier of fact was authorized to conclude that the testimony quoted above referred to the conduct alleged in the indictment.

That testimony and appellant's inculpatory statement sufficiently established the deviate sexual intercourse alleged. *White v. State,* 591 S.W.2d 851, 863–4 (Tex.Cr.App. 1979); *Honea v. State,* 585 S.W.2d 681, 684 (Tex.Cr.App.1979). Accordingly, we overrule appellant's second ground of error.

Appellant attacks, with his third ground of error, the refusal of the trial court to excise that part of his confession admitting sexual contact with a minor child not named in the indictment. The passage reads:

"V_____ J_____ reached over and touched my peter through my shorts. Then she whispered something over me to Tracy. I do not know what this was. [The complainant] then reached her hand over and touched me at the same place. She laid her hand right on top of my peter through my shorts. [The complainant] then leaned over me and whispered something to V_____. J_____ which I didn't hear."

"After this, this is when I heard a loud noise and I got up to investigate it. I found that V_____ J_____ had knocked the ashtray off the coffee table. I was still naked at this time. I knelt down beside V_____ J_____ in the chair."

"I fixed V_____ J_____ some supper and just as she had started to eat, the phone rang. I was in the bedroom putting on my pajama bottoms. I told her just a minute."

Appellant argues that the portion of his statement quoted above raises the extraneous offense of indecency with a child. See Tex.Penal Code Ann. § 21.11 (Vernon Supp. 1982).

The parameters governing admissibility of other crimes committed by an accused were stated by the Court of Criminal Appeals in *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). Prominent among the exceptions to the general exclusionary rule is that evidence of extraneous offenses is admissible to show the context in which the criminal act occurred. The exception is a recognition of the fact that events do not occur in a vacuum and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so they may realistically evaluate the evidence. The court noted, however, that the probative value of the extraneous offenses must outweigh their inflammatory effect.

In the analogous case of *Kestner v. State,* 636 S.W.2d 232 (Tex.App.—El Paso 1982, no pet.) the El Paso Court of Appeals discussed the probative value of collateral crimes respecting sexual offenses involving children:

> The general principle supporting introduction of extraneous offenses is particularly true in sexual abuse of children prosecutions, where the other offenses are probative of the probability that the act occurred and demonstrate the unnatural attention the defendant paid to the complaining witness. Additionally, the extraneous offenses, if sufficiently similar in nature, may properly demonstrate a continuing scheme or course of conduct.

*Kestner v. State, supra,* at 233. See also *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr. App.1974); *Johnston v. State,* 418 S.W.2d 522, 525–8 (Tex.Cr.App.1967).

Applying the foregoing reasoning to the case at bar, we conclude that the trial

court was not required to excise the reference to V_____ J_____ in appellant's statement. The contact with her was concomitant with that alleged in the indictment and its probative value outweighed any inflammatory effect. Appellant's third ground of error is overruled.

By his fourth ground of error, appellant contends the trial court erroneously denied his requested jury instruction on the lesser-included offense of indecency with a child under § 21.11(a)(1) of the Texas Penal Code.[3] The offense, as stated in § 21.11 is as follows:

> (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>> (1) engages in sexual contact with the child;

The gravamen of the offense under sub-section (a)(1), "sexual contact," is defined in Tex.Penal Code Ann. § 21.01 (Vernon Supp. 1982) as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." By contrast, the gravamen of the offense of sexual abuse of a child, "deviate sexual intercourse," is defined, as pertinent here, as "any contact between any part of the genitals of one person and the mouth or anus of another person with intent to arouse or gratify the sexual desire of any person." Tex.Penal Code Ann. § 21.01(1)(A) (Vernon Supp.1982).

Before an accused is entitled to a jury instruction on a lesser-included offense, there must have been adduced some evidence that if the accused is guilty, he is guilty only of the lesser offense. *Bravo v. State,* 627 S.W.2d 152, 157-8 (Tex.Cr.App. 1982); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App.1981). Under the record in this case, appellant was either guilty of sexual abuse of a child, as demonstrated by the State's evidence, or he was not guilty of any wrongdoing, as he testified. There was no middle ground and he was not entitled to

**3.** This case was tried before the amendment to section 21.11, effective September 1, 1981, ele-

the charge. The fourth ground of error is overruled.

The judgment is affirmed.

vating this form of indecency with a child from a third to a second-degree felony.