**Jacobo Rito GUIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01335, 05–85–01336–CR.**

Court of Appeals of Texas, Dallas.

Dec. 18, 1986.

William Booth, Karen Chilton Beverly, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, SCALES and MITCHELL, JJ.

MITCHELL, Justice.

Appellant Jacobo Rito Guia was charged in one indictment with the offense of indecency with a child and in a second indict-

ment with the offense of aggravated sexual assault. In a single trial conducted before a jury, appellant was convicted of both offenses and punishment was subsequently assessed by the trial court in each case at confinement in the Texas Department of Corrections for 15 years.

In his first point of error appellant complains that the evidence is insufficient to support his conviction for indecency with a child. (No similar complaint is made with regard to sufficiency of evidence for the offense of aggravated sexual assault.) Appellant argues that the evidence is insufficient for two reasons. First, he argues that the evidence fails to establish that sexual contact, an element of the offense charged, occurred because the testimony of the complaining witness was so imprecise as to fail to prove a touching of her genitals. Second, he argues that, since the complaining witness was fully clothed at the time of the touching, sexual contact with her genitals was not proven. We reject both arguments and hold the evidence to be sufficient.

The elements of the offense of indecency with a child are that the accused 1) knowingly or intentionally; 2) engaged in sexual contact; 3) with a child; 4) younger than seventeen years of age; 5) who was not the spouse of the accused. *See* TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon 1981). Sexual contact is defined as any touching of any part of the genitals of another person with intent to arouse and gratify the sexual desire of any person. *See* TEX.PENAL CODE ANN. § 21.01(2) (Vernon 1981).

The indictment in this cause alleged that sexual contact occurred by contact between the hand of the appellant and the genitals of the complainant with intent to arouse and gratify the sexual desire of appellant. Having averred this element of the offense with such particularity, the State was required to offer proof in support. *Sattiewhite v. State*, 600 S.W.2d 277 (Tex.Crim.App.1980); *Cohen v. State*, 479 S.W.2d 950 (Tex.Crim.App.1972). The only testimony presented by the State on this issue was that of the complainant.

The complaining witness, appellant's daughter, testified that at the time of the offense she was 9 years of age. She testified that appellant touched her in her "private place" while she and her sister were watching television at home. The witness later clarified this statement by testifying that appellant touched her where she went "to the bathroom" or where she "tee-teed". At the time appellant touched his daughter she was fully clothed. Appellant testified and denied commission of the offense.

Appellant appears to argue that this evidence fails to establish that sexual contact occurred between his hand and the genitals of the complainant because the witness did not testify that her "genitals" were touched. As authority for this proposition appellant cites *Nelson v. State*, 505 S.W.2d 551 (Tex.Crim.App.1974). *Nelson* is inapplicable.

In *Nelson* the defendant was indicted for fondling under then existing TEX.PENAL CODE ANN. art. 535d, § 1 (Vernon 1925). One of the elements of that offense was that the accused placed his hand upon the "breast" of a female under the age of 14. At trial the complainant testified that the defendant committed the offense by rubbing her "chest". The question presented for review was whether this testimony was sufficient to establish that the defendant placed his hand upon the "breast" of the complainant.

In reversing the conviction the Court of Criminal Appeals noted that, since the word "chest" referred to a larger portion of the body than the word "breast," the proof did not conform to the allegation in the indictment and was therefore insufficient. The evidence in the pending cause, unlike *Nelson*, does conform to the allegation in the indictment.

An indictment for indecency with a child must necessarily allege that the victim was younger than 17 years of age. *See* TEX.PENAL CODE ANN. § 21.11(a) (Vernon 1981). Thus, the victim may very well be so young as to lack the sophistica-

tion or technical knowledge to accurately describe the parts of the body. However, if the child sufficiently communicates to the trier of fact that sexual contact occurred by a touching of any part of the genitals the evidence is sufficient even though the language used by the child is different from that in the statute which describes the part of the body. *Clark v. State,* 558 S.W.2d 887 (Tex.Crim.App.1977); *Cummings v. State,* 651 S.W.2d 14 (Tex. App.—Amarillo 1983, no pet.); *Bellfey v. State,* 638 S.W.2d 48 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

■ In the pending cause the complaining witness testified specifically that appellant touched her in her "private place", where she "went to the bathroom", and where she "tee-teed". Such testimony amply communicated to the jury that appellant touched the "genitals" of his child as alleged. *Cf. Tyra v. State,* 534 S.W.2d 695 (Tex.Crim.App.1976) (testimony "where use restroom" sufficient to prove touching of "sexual parts"); *Whatley v. State,* 488 S.W.2d 422 (Tex.Crim.App.1972) (same); *Thomas v. State,* 399 S.W.2d 555 (Tex. Crim.App.1966) ("privates" sufficient).

■ Appellant further argues that he did not engage in sexual contact because at the time of the touching the complainant was fully clothed. A similar argument was presented to and rejected by the Court of Criminal Appeals in *Resnick v. State,* 574 S.W.2d 558 (Tex.Crim.App.1978). In *Resnick* the defendant was convicted of the offense of public lewdness. One of the elements of that offense is that the accused engaged in an act of sexual contact. *See* TEX.PENAL CODE ANN. § 21.07(a)(3) (Vernon 1974). The defendant argued that no sexual contact had occurred because the individual touched was fully clothed at the time of the touching. The Court of Criminal Appeals held that the mere interposition of a layer of fabric between a person's hand and the genitals of another did not prevent the occurrence of sexual contact because the touching will still engender the sense of feeling perceived by the person touched. *Resnick,* at 570. *Cf. Miles v.*

*State,* 157 Tex.Cr.R. 188, 247 S.W.2d 898 (1952) (no requirement of flesh to flesh contact in offense of fondling).

The definition of sexual contact is the same for the offense of public lewdness as for indecency with a child. *See* TEX.PE-NAL CODE ANN. § 21.01 (Vernon 1981). If the mere interposition of a layer of fabric does not prevent the occurrence of sexual contact for the offense of public lewdness, it should not prevent the occurrence of sexual contact for the offense of indecency with a child. *Resnick, supra.* Because we hold the evidence to be sufficient, we overrule the first point of error.

In his second point of error (relevant to the appeal of both convictions) appellant contends that "the trial court committed error in requiring the appellant to be tried on both offenses at the same time." Although inartfully phrased, it is apparent from appellant's argument that his true complaint is that the trial court erred in denying his motion to sever.

As previously noted, appellant was charged in separate indictments with two distinct offenses. The first indictment charged indecency with a child while the second charged aggravated sexual assault. Separate cause numbers were assigned to each case. There was a different victim in each case.

At the commencement of these proceedings the court first called for trial the indecency with a child charge and both parties announced ready. The court then called for trial the aggravated sexual assault charge. The State announced ready but the defense announced not ready. No motion for continuance was filed. The court indicated that both cases would be called for trial despite the announcement of not ready.

At this point appellant, through his counsel, presented a motion to sever. In his motion appellant referred the court to the provisions of Chapter 3 of the Texas Penal Code, the only statutory provision that authorizes joint prosecution of multiple offenses either by consolidation of charging

instruments or by multi-count indictment.[1] Appellant's position was that the two offenses charged against him were "not offenses against property so they're not capable of being joined in the same criminal action." Appellant further complained that if the court ruled that these charges were capable of being consolidated for trial under Chapter 3 that consolidation was improper because the State had failed to comply with the notice provisions of section 3.02(b) and because the court was denying appellant the right of mandatory severance provided in section 3.04(a). The State responded that the provisions of Chapter 3 were wholly inapplicable since it regulated only consolidation of property offenses prohibited in Title 7 of the Penal Code and the two indictments were under consideration were for violations of Title 5 offenses against the person. For that reason the State believed that the question of consolidation was a matter left to the discretion of the court. After full consideration of the arguments of the parties the court denied the motion to sever.

■ Appellant's arguments in support of his motion to sever that were based upon the provisions of Chapter 3 of the Penal Code were correctly overruled by the trial court. Those provisions apply only to consolidation and joinder of prosecutions of the repeated commission of any one offense defined in Title 7 of the Penal Code concerning offenses against the property.

Appellant does not complain on appeal of this action by the trial court. Rather, he contends that the court erred in overruling his contention that, absent statutory authority providing for consolidation of prosecutions, he enjoyed the right of separate trials. We agree with appellant and therefore we reverse.

As long ago as 1892 the decisions of the appellate courts of Texas expressed concern about the effects of the submission of more than one offense to the same jury absent agreement of the defendant.[2] In *Crawford v. State*, 19 S.W. 766 (Ct. of App.1892) the court held that a defendant could not be convicted of two felonies in one indictment. The court reasoned that "[i]f that could be done, a man could be crushed by accumulated charges, or injured by their solemn presentation to the jury." *Crawford* at 777. In *Ex parte Quintanilla*, 207 S.W.2d 377 (Tex.Crim.App.1948) the Court of Criminal Appeals held that the trial of four separate cases ". . . before the same jury at the same time over [the defendant's] objection deprived him of the valuable right of a trial before an impartial jury in contravention of Art. 1, Sec. 10 of the State Constitution . . ." *Quintanilla* at 378. In *Johnson v. State*, 509 S.W.2d 322 (Tex.Crim.App.1974) the Court of Criminal Appeals held that the law then in effect ". . . gave the defendants the specific right *not to be tried* on more than one charge at a time." *Johnson* at 322 (emphasis in original). There have been no changes made in the law, either statutory or common, since these cases were decided that abrogate the defendant's right to separate trials on multiple accusations. *Simmons v. State*, 629 S.W.2d 38, 39–40 (Tex. Crim.App.1981).

■ Conversely, there is no provision in the law prohibiting the consolidation of prosecutions. Consolidation may occur with the consent of the defendant. *Jones v. State*, 480 S.W.2d 623 (Tex.Crim.App. 1972). The decision to consolidate is a mat-

---

1. "Two or more offenses may be joined in a single indictment, information of complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code." TEX.CODE CRIM.PROC.ANN. art. 21.24(a) (Vernon 1974).

2. The general rule in the federal system and in other states permits liberal joinder of offenses with a severance in the discretion of the court. *See generally Waythe v. State*, 533 S.W.2d 802,

804 (Tex.Crim.App.1976); 23 C.J.S. *Criminal Law* § 931. In these jurisdictions, whether consolidation is authorized by statute or as a matter of common law, the trial court exercises considerable discretion. *See Anno.* 59 A.L.R.2d 841, 847, 860. On the other hand, a significant number of jurisdictions take the view that the trial court has no authority, against the objection of the defendant, to consolidate separate cases for trial. *See Anno.* 59 A.L.R.2d 841, 858–59.

ter of strategy tactics, and judgment to be decided upon *by the accused and his counsel.* *White v. State,* 495 S.W.2d 903, 905 (Tex.Crim.App.1973). Unless the defendant agrees to consolidation or fails to timely object, the defendant enjoys the right to separate trials. *Royal v. State,* 391 S.W.2d 410, 411 (Tex.Crim.App.1965); *Callins v. State* (Tex.Crim.App., No. 69,023, July 2, 1986) (not yet reported).

We do not decide in this opinion whether the legislature could by statute deprive the defendant of his right to separate trials as established in the decisions of the various appellate courts which have been presented with the issue. It is of some interest, however, that in only one instance has the legislature attempted to codify the procedure for consolidation of prosecutions: Chapter 3 of the Penal Code concerning the repeated commission of Title 7 offenses against property. Even then the legislature provided that "the defendant shall have the right to a severance of the offenses." TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974).

From the above cited cases, we conclude that the decision to consolidate prosecutions is not within the discretion of the trial court. Although an accused may acquiesce in or agree to a consolidated trial and thereby waive his right to be tried separately, no such waiver occurred in the instant case. In his motion to sever and in his supporting arguments, the appellant sufficiently advised the court of his opposition to a consolidated trial. It was for the appellant and his counsel to decide as a matter of strategy, tactics, and judgment whether the appellant would be tried in one proceeding. When the appellant made his objection known, the trial court had no authority to try both charges in one proceeding before the same jury. We hold that, when an accused adequately advises the trial court by objection, request, or motion to sever of his opposition to being tried on more than one indictment at the same time before the same jury, the trial court must sever. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings in accordance with this opinion. In light of our disposition of the appellant's second point of error we need not consider his remaining points of error.