LEWIS 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-567-CR





JAMES CALVIN LEWIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-216, HONORABLE RAYMOND R. MORMINO, JUDGE PRESIDING



 




 After a bench trial, the district court, in its judgment, found appellant James Calvin
Lewis guilty of aggravated sexual assault of a child. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)
(West 1989). The court assessed punishment at incarceration for life and a fine of $10,000. We
will reverse.



PROCEDURAL BACKGROUND


 On June 12, 1991, appellant was indicted for aggravated sexual assault of a child
in cause number CR91-216. Appellant was also indicted for a variety of sexual offenses with the
same child in ten other cause numbers: CR91-213, CR91-214, CR91-215, CR91-217, CR91-218,
CR91-219, CR91-220, CR91-221, CR91-222, and CR91-271. Appellant waived his right to a
trial by jury.

 On July 31, 1991, appellant filed a motion to quash ten indictments, those in cause
numbers CR91-213 through CR91-222. At the pretrial-motions hearing on the day of trial,
October 28, 1991, appellant argued his motion to quash the indictments. The State maintained
that it was "entitled to have each of these matters heard as a separate indictment, since there is
[sic] separate independent points of proof." The trial court denied the motion to quash.

 At the same hearing, the following colloquy transpired:



The Court: The State is asking for punishment out of one hearing for all 11
indictments?


Mr. Reimer [counsel for the State]: That is correct, Your Honor.


. . . 


The Court: Did the Court grant some motion that I'm not aware of admitting the
consolidation?


Mr. Zipp [counsel for defendant]: There's no written consolidation motion to my
understanding, Your Honor.


Mr. Reimer: Whether there is or not, the Court has the leeway to consolidate
these matters due to the fact that you have the same witnesses and evidence and
matters before the Court. And for a matter of the Court's expediency and time,
the Court always has a right to join matters such as this.


. . . 


 The Court in it's [sic] decision-making process can sift through the facts as
they're presented to the Court and then decide which one of these indictments are
[sic] appropriate for guilt or innocence. 


 Then at the correct phase of the trial, on punishment, it can then decide on
which indictment he should be punished . . . .



 In its oral motion to consolidate, the State argued that it never has to file a written
motion to consolidate and that consolidation is instead a matter of judgment for the trial court. 
The State then suggested that the eleven indictments be grouped into five indictments, four of
them with multiple counts. Over repeated objections by defense counsel, the district court
consolidated the indictments into the following groups:





 Cause Number Date of Offense Offense Subject Matter


CR91-213 06/19/90 Aggravated Sexual Assault of a Child

CR91-214 06/19/90 Aggravated Sexual Assault of a Child


CR91-215 12/22/90 Aggravated Sexual Assault of a Child

CR91-216 12/22/90 Aggravated Sexual Assault of a Child


CR91-217 06/19/90 Indecency with a Child

CR91-218 06/19/90 Indecency with a Child


CR91-219 12/22/90 Indecency with a Child

CR91-220 12/22/90 Indecency with a Child

CR91-221 12/22/90 Indecency with a Child

CR91-222 12/22/90 Indecency with a Child 


CR91-271 09/26/90 Display of Harmful Material to a Child



 At the beginning of the trial, the State read all eleven indictments, indicating that
they had been consolidated as indicated above. Appellant pled not guilty to each of the eleven
indictments. After the evidence was presented, the State requested convictions in nine of the
cause numbers; it excluded cause numbers CR91-219 and CR91-222, both of which involved
indecency with the child-victim. At the conclusion of the guilt/innocence phase, the trial court
stated: "The Court . . . having heard the evidence in the complaints and indictments submitted
to this particular Court finds that the subject James Lewis is guilty as charged." (Emphasis
added.)

 At the beginning of the punishment phase, the State asked for clarification by the
court regarding the determination of guilt or innocence in respect to each of the various
indictments. The State reiterated that the court had found the defendant not guilty in cause
numbers CR91-219 and CR91-222 and guilty in the nine remaining cause numbers. The trial
judge neither confirmed nor denied this statement because he was sidetracked on another issue,
although confirmation by silence seems evident from the record. During the direct examination
of appellant during the punishment phase, defense counsel asked, "[Y]ou were recently found not
guilty in Cause Numbers CR91-219 and CR91-222; is that correct?" Appellant responded in the
affirmative. There was no objection to this question and answer.

 Near the conclusion of the punishment phase, the State asked for sentences in the
"Texas Department of Corrections" of 99 years for combined cause numbers CR91-213 and
CR91-214, 99 years for combined cause numbers CR91-215 and CR91-216, 20 years for
combined cause numbers CR91-217 and CR91-218, 20 years for combined cause numbers CR91-220 and CR91-221, and 20 years for cause number CR91-271. The State requested that some of
these sentences run concurrently while others run consecutively. The court stated: "I want to
combine all of them into those two complaints. And, then, I will announce the sentence in this
particular matter."

 Subsequently, the trial court announced the verdict on punishment: "Court finding
that you were guilty of the complaints being made herein, and Court having composed the
complaints into an aggravated sexual assault on said victim herein, the Court is going to assess
your punishment at life imprisonment in the Texas Institute for Corrections [sic]. And that your
fine be assessed at $10,000, together with all other court costs herein, including attorney fees
herein."

 After the court's announcement of punishment, the following exchange occurred:



Mr. Reimer: Your Honor, we need to have announcement from the Court on the
endangerment cases, were those found guilty and are those going to be assessed
punishment?


The Court: I combined them into the aggravated sexual assault.


Mr. Reimer: Aggravated sexual. I see, Your Honor.


The Court: Into the aggravated, in that way so that our record doesn't have to be
encumbered with a hundred different ways for somebody to attack them.


. . . 


The Court: We only have one conviction that has been proven, the other one was
no-billed. And, then, there's one pending, I believe. One complaint was pending.


Mr. Reimer: It's my understanding, for the Court's Order, Your Honor, that all
cause numbers will be combined into one judgment of aggravated sexual assault in
Cause Numbers 215, 216, 214 and 216 -- I'm sorry, 214 and 217. And that all
other cause numbers will not receive a separate sentence, but they will -- there will
be no finding.


The Court: Want them all under one, I don't care whether it's 215 or 217, they're
all -- the sexual -- 


Mr. Reimer: Assault.


The Court: -- aggravated assault in which I'm assessing punishment.


Mr. Reimer: Okay. And there will be no separate punishment on the
endangerment to children, as they were considered as part of the aggravated sexual
assault?


The Court: Part of the life sentence.


Mr. Reimer: Yes, sir.


The Court: Endangerment is secondary to the aggravation. All of these other
aggravate the last one.


Mr. Zipp: So, there's one sentence, Your Honor, for all offenses; is that correct?


The Court: Correct. I rolled them all into one.


Mr. Zipp: You rolled them all into one. And, then, the other matter that the
Court announced earlier, as far as not guilty on 219 and 222 and, then, the others
are all rolled into one thing with the life imprisonment and the $10,000 fine; is that
correct?


The Court: Right.



 The trial court imposed the sentence: "That was 91-215 and 216 are the numbers
of that particular thing for the record purposes. And they're all combined in that. And the Court
. . . having found you guilty in this particular matter, and the Court is to set your punishment for
life imprisonment in the Department of Corrections [sic] . . . ."

 In its written judgement, which reflects the single cause number CR91-216, the trial
court found appellant guilty of aggravated sexual assault of a child and listed eight indictments (1)
taken into consideration for punishment.

 On appeal, appellant alleges that the trial court erred in combining multiple
indictments for a single trial before the court and by allowing the child witness to testify by means
of closed-circuit television. Appellant further contends that he was denied effective assistance of
counsel at the trial level and that the evidence was insufficient to support his conviction.




DISCUSSION
 

 In his first point of error, appellant contends that the State failed to comply with
section 3.02(b) of the Texas Penal Code which states, "When a single criminal action is based on
more than one charging instrument within the jurisdiction of the trial court, the state shall file
written notice of the action not less than 30 days prior to the trial." Tex. Penal Code Ann. 
§ 3.02(b) (West 1974). The State concedes that it failed to provide written notice of consolidation
in conformance with section 3.02(b); however, the State, in its brief, primarily relies on its
argument that the defendant waived his right of severance by making a general, instead of a
specific, objection to the consolidation of the indictments.

 The written-notice requirement can be waived either affirmatively or by inaction. 
LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). See also Tex. Crim. Proc. Code
Ann. art. 1.14 (West 1993). In LaPorte, the trial court had conducted a single trial based on
separate indictments. The Court of Criminal Appeals stated that if the defendant objects to the
lack of notice under section 3.02(b), "the State would then have the option of proceeding on one
indictment or of seeking a resetting of the trial so as to provide adequate notice." Id. at 415. The
decision in LaPorte does not set forth any other alternatives for the State in this situation.

 Upon the State's oral motion to consolidate the indictments, the defendant
repeatedly voiced objection to the consolidation for a variety of reasons, mainly potential for
confusion, (2) denial of due-process rights, and failure by the State to file a written motion to
consolidate. Appellant made clear to the district court that he wished to have a separate trial on
each indictment. We conclude that appellant's objections were sufficiently specific to apprise the
trial court of error. From our review of the record, we conclude that the point of error may not
be overruled on the basis of waiver.

 Unless waived, the right to separate trials for multiple indictments is mandatory. 
See Coleman v. State, 788 S.W.2d 369, 371 (Tex. Crim. App. 1990); Silva v. State, 831 S.W.2d
819, 823 (Tex. App.--Corpus Christi 1992, no pet.); Guia v. State, 723 S.W.2d 763, 768 (Tex.
App.--Dallas 1986, pet ref'd). If a defendant objects to consolidation of indictments and requests
separate trials on multiple indictments, the defendant has an absolute right to severance and
separate trials under article I, section 10 of the Texas Constitution. Ex parte Quintanilla, 207
S.W.2d 377, 378 (Tex. Crim. App. 1948); Guia, 723 S.W.2d at 767.



[T]he decision to consolidate prosecutions is not within the discretion of the trial
court. . . . [W]hen an accused adequately advises the trial court by objection,
request, or motion to sever of his opposition to being tried on more than one
indictment at the same time before the same jury, the trial court must sever.



Guia, 723 S.W.2d at 768. We conclude the trial court erred in consolidating the eleven
indictments for a single trial over appellant's objection. Accordingly, we sustain appellant's first
point of error.

 Because of our disposition on appellant's first point of error, we find it unnecessary
to reach his remaining points of error.

 The judgment of conviction is reversed and the cause is remanded for a new trial.



 

 Mack Kidd, Justice 

[Before Justices Kidd, B. A. Smith and Onion*]

Reversed and Remanded

Filed: April 28, 1993

[Do Not Publish]










* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Cause numbers CR91-213, CR91-214, CR91-215, CR91-217, CR91-218, CR91-220,
CR91-221, and CR91-271.
2.   The concerns of defense counsel that consolidation of indictments would result in
confusion were unquestionably realized. Confusion regarding cause numbers and
indictments is rampant throughout the statement of facts, and arguably the judgment of
conviction.