Opinion issued February 6, 2003






 












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00262-CR
____________
 
CARLOS ISMAEL ROJAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 866164
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Carlos Ismael Rojas, guilty of aggravated sexual assault
of a child and assessed his punishment at confinement for life. In his sole point of
error, appellant contends that the evidence was factually insufficient to support his
conviction. We affirm.
Facts
          In the summer of 1997, the complainant, a nine-year-old boy, met appellant
through a family friend. Appellant, an auto mechanic, asked the complainant’s family
if he could teach his trade to the complainant. The complainant’s family agreed
because they came from the same country and appellant had a good reputation as a
mechanic. Appellant spent a lot of time alone with the complainant, buying toys for
him and taking him out to eat. 
          The complainant testified that one day that summer, appellant took him to
appellant’s home, which had a “jail door” that appellant locked with a key. Appellant
told the complainant that “he was going to rape [him],” and the complainant started
to cry. Appellant attempted to calm the complainant by telling him that rape was “a
good thing,” and he then forced the complainant to sit on his lap. Appellant ordered
the complainant to take off his clothes and lie down on the bed. Appellant undressed
and opened a bottle of cream with a black top. The complainant testified that
appellant put the cream “on his sexual organ” and he “put [the cream] on my butt.” 
The complainant further testified that appellant “put his sexual organ on my bottom”
and then“inside” the complainant’s body. After the sexual assault, appellant told the
complainant to not be ashamed and insisted that the complainant eat a banana. 
             Before taking the complainant home, appellant warned him not to tell anyone
about the sexual assault or appellant might do “something” to the complainant. The
complainant did not tell anyone about the sexual assault, fearing that appellant would
“kill” him or his parents. Four years later, the complainant, while listening to a man
preach about “religion, like when God is coming, when the end of the world is,” 
became very upset. The complainant then confessed in private to his mother that he
had been sexually assaulted by appellant, and she reported the incident to the Houston
Police department. A police officer took the complainant and his mother to the area
where appellant had lived at the time of the assault, but the house had been torn down
and replaced with a new house. 
          Houston Police officer Sylvia Dreyhill, a member of the Juvenile Sex Crimes
Unit, testified that she interviewed the complainant about the sexual assault, that the
complainant acted consistently with sexual assault victims she had interviewed in the
past, and that she “felt he was sincere, that he was being honest.” Dreyhill separately 
showed the complainant and his mother a photospread, and the complainant identified
appellant as the man who sexually assaulted him.
Factual Sufficiency
          In his sole point of error, appellant contends that the evidence was factually
insufficient to support his conviction because the evidence was “wholly” from the
complainant’s “vague” testimony, the complainant never specifically stated that
appellant contacted his “anus” or “rectum,” and there was “no physical evidence of
the crime” because the house where the assault allegedly occurred no longer existed.
          We review factual sufficiency by examining all of the evidence neutrally and
asking whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000). We will reverse a fact finder’s determination only
if a manifest injustice has occurred. Id. In conducting our analysis, we may disagree
with the jury’s determination, even if probative evidence supports the verdict, but we
must avoid substituting our judgment for that of the fact finder. Id.
          An aggravated sexual assault of a child occurs when an accused intentionally
causes the anus of a child younger than 14 years of age to contact the sexual organ
of an actor. Tex. Pen. Code. Ann. §§ 22.021 (a)(1)(B)(iv), (a)(2)(B) (Vernon Supp.
2003). Testimony of a victim, standing alone, even when the victim is a child, is
sufficient to support conviction for sexual assault. Ruiz v. State, 891 S.W.2d 302, 304
(Tex. App.—San Antonio, 1994, pet. ref’d). If a child sufficiently communicates to
the trier of fact that sexual contact occurred by a touching of any part of the genitals,
the evidence is sufficient even though the language used by the child is different from
that in the statute which describes the part of the body. See Bellfey v. State, 638
S.W.2d 48, 50-51 (Tex. App.—Houston [1st Dist.] 1982, no pet.); Guia v. State, 723
S.W.2d 763, 766 (Tex. App.—Dallas 1986, pet. ref’d).
          Here, the complainant testified that contact was made between his “bottom”
and the appellant’s “sexual organ,” and that appellant put his sexual organ “inside”
the complainant’s bottom and it “hurt.” The complainant told his mother of the
incident, and the mother testified that the complainant was under 14 years of age at
the time of the assault. Both the complainant and his mother identified appellant in
court. The mother further testified that the complainant’s behavior changed
dramatically after the incident, citing behavioral problems, self-inflicted injuries, and
problems at his school. Officer Dreyhill testified that, in her experience, the
complainant’s behavior was consistent with young victims of sexual abuse. 
          Appellant presented no witnesses and did not testify. However, as noted by
appellant, the complainant’s mother also testified that, following the outcry, the
complainant was examined by a doctor four years after the alleged assault, but no
medical evidence of an assault was detected. In addition, the record indicates that the
house in which the assault allegedly took place had been torn down. 
          We hold that the complainant’s testimony sufficiently communicated to the
jury that appellant touched the complainant’s anus with appellant’s sexual organ. The
fact that the house where the assault occurred no longer exists is of no consequence. 
Moreover, the fact that a medical examination of the complainant did not reveal
physical evidence of the sexual assault does not render the evidence factually
insufficient. Garza v. State, 18 S.W.3d 813, 820 (Tex. App.—Fort Worth 2000, pet.
ref’d). 
          After reviewing the entire record, we conclude that the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Accordingly, we hold the evidence was factually sufficient to support the
jury’s verdict. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).