NO. 07-10-00097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 9, 2012

DARWIN N. WHITE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,377; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Darwin N. White appeals from his jury conviction of the offense of indecency with a child and the resulting sentence of twenty years of imprisonment. Through two issues, he contends the trial court erred, requiring reversal. We disagree and will affirm the judgment of the trial court.

Background

Appellant was charged in October 2008 by an indictment alleging that on a day the previous January, he "did then and there intentionally and knowingly, with the intent to arouse and gratify the sexual desire of any person, engage in sexual contact by

touching the genitals of [the victim], a child younger than 17 years and not the spouse of the defendant."[1]  The indictment came about after the child, a boy then seven years old, told his mother appellant had touched him.  The mother called police.

Evidence showed that appellant had a room in the residence of a friend of the child's mother.  The child, nine years old by the time of trial, testified that he and his sister sometimes stayed overnight with his mother's friend, whom he called "grandma." The child testified "Red," as he called appellant, also lived in the house. When the child stayed there, he sometimes stayed in the same room as Red. The child testified "Red touched me on the private" one night. He explained Red used his hand to rub lotion on his "private" under his underwear.

A nurse testified she found no evidence of trauma to the child when she examined him.  She also testified the child pointed to male genitalia on a diagram, and referred to his genitalia as his "privacy."  She stated the child told her Red touched him on his privacy while his clothes were off.

A letter appellant wrote the woman referred to as "grandma" was introduced at trial.  It contains the statement, "It breaks my heart to tell you this, I am guilty of touching [the child] wrong."  The letter further expresses appellant's remorse.

The jury found appellant guilty of indecency with a child and the court imposed the sentence noted.  This appeal followed.

---

[1] *See* Tex. Penal Code Ann. §21.11(a)(1) (West 2011). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (West 2011).

Analysis

Jury Instruction

By his first issue, appellant asserts the trial court erred in submitting to the jury a charge that, like the indictment, included the mental states of "intentionally" and "knowingly," when only "intent to arouse or gratify sexual desire" is required. No objection to the charge was raised at trial but appellant maintains the error was harmful under the standard set forth in *Almanza v. State,* 686 S.W.2d 157, 171-72 (Tex.Crim.App. 1985).

The abstract portion of the charge contains the statutory definitions, in part, of the terms "intentionally" and "knowingly." *See* Tex. Penal Code Ann. § 6.03(a), (b) (West 2010) (defining terms).[2]

The application paragraph then tracked the language of the indictment, telling the jury:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about January 28, 2008, in Lubbock County, Texas, as alleged in the indictment, the defendant DARWIN WHITE, did then and there intentionally or knowingly with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching the genitals of the said [child], a child younger than seventeen (17) years and not the spouse of said defendant, then you will find the defendant guilty of the offense of indecency with a child, and so say by your verdict.

---

[2] And, although it is not part of appellant's complaint, the two definitions included are inconsistent. The charge described an intentional state with respect to the nature of conduct, but limited its description of the knowing state to that applying to a result of conduct. Tex. Penal Code Ann. § 6.03(a) (West 2010); *see Caballero v. State,* 927 S.W.2d 128, 131 (Tex.App.—El Paso 1996, pet. ref'd) (addressing similar circumstance).

3

Applicable Law

Appellate review of claimed error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25-26 (Tex.Crim.App. 2009). We must first determine whether error occurred. *See Abdnor*, 871 S.W.2d at 731-32. If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.*

If there is error in the court's charge but the appellant did not preserve it at trial, as here, we must decide whether the error was so egregious and created such harm that the appellant did not have a fair and impartial trial--in short, that "egregious harm" has occurred. *Almanza*, 686 S.W.2d at 171; *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Allen v. State*, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996). Egregious harm is the type and level of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen*, 253 S.W.3d at 264 & n.15; *Olivas v. State*, 202 S.W.3d 137, 144, 149 (Tex.Crim.App. 2006); *Almanza*, 686 S.W.2d at 172.

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172-74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined

4

on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex.Crim.App. 2002); *Hutch*, 922 S.W.2d at 171.

Regarding indecency with a child by contact, the Penal Code provides, "A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . engages in sexual contact with the child or causes the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a)(1) (West 2011). The offense requires the specific intent to arouse or gratify the sexual desire of any person. Tex. Penal Code Ann. § 21.11(a)(2) (West 2011). That specific intent can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim App. 1981); *Couchman v. State*, 3 S.W.3d 155, 163 (Tex.App.--Fort Worth 1999, pet. ref'd). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony; reconciliation of conflicts in the evidence is within the jury's exclusive province, and it may choose to believe some testimony and disbelieve other testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000).

Application

As noted, reversal is proper here only if we find the error caused egregious harm. *Almanza,* 686 S.W.2d at 171-72; *Bazanes v. State,* 310 S.W.3d 32, 36 (Tex.App.—Fort Worth 2010, pet. ref'd). Looking at the charge as a whole, we note it begins, in its paragraphs 1 and 2, with accurate statements of the substantive requirements for conviction of indecency with a child, including an accurate recitation of the definition of

"sexual contact."[3]  That presentation of the elements of the offense makes no mention of culpable mental states other than the required specific intent to arouse or gratify. The jury was thus correctly instructed of the elements of the offense.

Next, however, as noted, the charge included the definitions of intentional and knowing.  As noted also, the application paragraph required the jury, to convict, to find appellant did "intentionally or knowingly with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact . . . ."  The placement of the phrase "intentionally or knowingly" in the application paragraph in this case differs from that in *Chiodo v. State*, No. 02-06-00096-CR, 2007 Tex. App. LEXIS 5261 (Tex.App.--Fort Worth July 5, 2007, pet. ref'd) (mem. op., not designated for publication), where the paragraph's comparable language stated "with the intent to arouse or gratify the sexual desire . . . intentionally or knowingly engage in sexual contact . . . ".  In *Chiodo,* the court noted it was because the application paragraph "disjunctively listed" the culpable mental states of intentionally and knowingly with the required specific intent to arouse or gratify that the jury could have found the defendant guilty without finding he had the specific intent to arouse or gratify. In our present case, the culpable mental states are included in a less "disjunctive" fashion, carrying less risk the jury would believe any one of the culpable mental states permitted conviction.

Appellant argues on appeal the evidence was insufficient to support conviction, but his sufficiency argument is not that the evidence of his intent was lacking.  His

---

[3] *See* Tex. Penal Code Ann. § 21.11(c) (West 2011) (defining sexual contact).

6

sufficiency argument, the subject of his second issue on appeal, is that the evidence did not show beyond a reasonable doubt that he touched the child's genitals.

Recall the child testified appellant rubbed lotion on his "private." There was evidence that the child had eczema, and appellant acknowledged in his written statement to police that there were occasions on which he rubbed lotion on the boy. His statement says he "would only rub it on his stomach and back." He denied ever putting lotion on the child's penis, or otherwise touching his penis, "on purpose or by accident."

Appellant did not testify at trial. In the letter to his long-time friend, appellant wrote, "I lied to you & to all those who trusted me. I am so ashamed." Despite the testimony regarding lotion, no evidence suggested to the jury that there might have been touching in prohibited areas of the boy's body but it was accidental or for a legitimate purpose like treatment for eczema. In short, no evidence was presented to suggest appellant engaged in the conduct prohibited by Section 21.11(a)(1) but acted without the requisite intent.

Nor did appellant make such an argument to the jury. His position before the jury was that no prohibited touching occurred and the child had been coached by his mother to make the accusation for her own reasons. Appellant argued to the jury that the damaging statements in his letter were not confessional but were simply the anguished reaction of a 65-year-old man to the accusation made against him. Appellant also

argued to the jury that the boy had not made sufficiently clear in his testimony whether he was saying appellant touched his genitals or touched him around his anus.[4]

As she walked the jury through portions of the charge early in her closing argument, the prosecutor noted the presence of the definitions of intentionally and knowingly, but did not make further comment on them.[5] The State's jury argument on intent focused on the intent to arouse or gratify sexual desire. Urging the jury to use its "reason and common sense," the State urged the jury to infer that intent from the nature of the contact.[6] The prosecutor further reminded the jury of the child's testimony the touching occurred at night when the lights were off. The State also argued appellant's statements in the letter were an acknowledgement of the guilty intent that accompanied his touching of the boy.

Considering, as we must, the entire jury charge, the state of the evidence, the disputed issues and the weight of the evidence, and the argument of counsel, we find the unobjected-to error of the inclusion of the culpable mental states of intentionally and knowingly in the charge did not affect the very basis of the case, deprive appellant of a valuable right, or vitally affect a defensive theory. *Allen*, 253 S.W.3d at 264 & n.15.

---

[4] That argument focused on the boy's response, "To go potty," which he gave to the prosecutor's question, "What do you use your privates for?"

[5] Later, at the very end of the State's rebuttal argument on closing, arguing appellant's letter demonstrated his guilt, the prosecutor made the statements, "He did it intentionally. He knows what he did. The letter shows it."

[6] The prosecutor argued, "How do you know what his intent was to touch [the boy's] penis with the lotion? Why does a 60 plus year old man touch a seven-year-old's penis? Unless he gets a benefit from it. Unless he does it to arouse himself."

Accordingly, we find the charge error was not so egregious that it denied appellant a fair and impartial trial. *See Bazanes,* 310 S.W.3d at 36; *Chiodo,* 2007 Tex.App. LEXIS 5261, at *15. We overrule appellant's first issue.

Sufficiency of the Evidence

In appellant's second issue, he contends the evidence was insufficient to prove he touched the child's genitals as alleged. He points to the child's references to his "privates" and "privacy," and the statement mentioned previously in which the child explained he used his privates "to go potty." Appellant argues that statement shows the child might have meant his "private" referred to his anal area.

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010) (plurality opinion). That standard requires that we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). The standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

The sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State*, 281 S.W.3d 414, 421 (Tex.Crim.App. 2009); *Malik v. State*, 953

9

S.W.2d 234, 240 (Tex.Crim.App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex.Crim.App. 2001); *Malik*, 953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *Curry v. State*, 30 S.W.3d 394, 404-05 (Tex.Crim.App. 2000).

A child witness's testimony is sufficient to support a finding of sexual contact. *Karnes v. State*, 873 S.W.2d 92, 96 (Tex.App.--Dallas 1994, no pet.). As a matter of public policy, child victims of crimes are not expected to testify with the same clarity and ability as expected of mature and capable adults. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990). "Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of [sexual contact], the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses." *Clark v. State*, 558 S.W.2d 887, 889 (Tex.Crim.App. 1977).

Appellant is correct that the child testified appellant touched him, referring to his "privates" and his "privacy," but did not specifically testify that those words meant his genitalia. Appellant also is correct the child said his "privates" or "privacy" were used "[t]o go potty." He also, however, agreed that he never told his mother appellant touched his "rear end." Further, a sexual assault nurse examiner testified that during her

10

examination, the child pointed to the male genitalia on a body diagram and identified it as his "privacy."

Considering all the evidence in the proper light, and taking into account we are examining a child's testimony, we conclude the jury, as the sole judge of the credibility of witnesses and the weight to be given their testimony, reasonably could have determined beyond a reasonable doubt that the child was telling them appellant touched his genitals. *See Clark,* 558 S.W.2d at 889; *see also Guia v. State,* 723 S.W.2d 763, 766 (Tex.App.--Dallas 1986, pet. ref'd) (testimony that appellant touched child in her "private place" where she "went to the bathroom" sufficient to establish sexual contact).

We find the evidence sufficient to support the jury's verdict and overrule appellant's second issue. Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

11