**Ronald RESNICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55923.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 20, 1978.

Barbara L. Welz and Catherine F. Harris, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky, Burt Carnes, and Ted Steinke, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for public lewdness; punishment is confinement in jail for 30 days and a fine of $1,000.

Appellant contends that: (1) the evidence is insufficient to sustain the conviction; (2) the court erred in refusing appellant's requested instruction on whether a stall or a booth is a private place; (3) the jury engaged in misconduct during its deliberations; and (4) the judgment and sentence

fail to state an offense and are not supported by the pleadings, evidence or verdict.

■ The offense occurred on April 12, 1976, at the Ellwest Arcade, an adult movie house in Dallas. The complainant, L. P. Reid, an undercover police officer, testified that he and appellant entered a coin-operated movie booth at the arcade at approximately the same time. The officer inserted coins in the movie unit, and as he and the appellant watched the movie, appellant placed his hand on that portion of the officer's trousers which covered his genitals. Reid testified that his pants were zipped and that his genitals were completely inside his pants; that appellant did not reach inside his pants; that appellant's fingers did not encircle his penis; and that appellant's hand touched only the officer's trousers and did not make flesh-to-flesh contact with his genitals.

V.T.C.A. Penal Code, Sec. 21.07, defines public lewdness as follows:

"A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

(1) an act of sexual intercourse;

(2) an act of deviate sexual intercourse;

(3) an act of sexual contact;

(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl."

Appellant was charged with public lewdness by sexual contact in a public place, the complaint and information alleging in relevant part that appellant did:

". . . knowingly engage in an act of sexual contact with L. P. Reid, by then and there touching the penis of the said L. P. Reid, with the intent to arouse and gratify the sexual desire of Ronald Resnick, in a public place to-wit: El West Arcade, 308 S. Ervay, Dallas, Dallas County, Texas. . . ."

"Sexual contact" is defined in V.T.C.A. Penal Code, Sec. 21.01(2) as follows:

". . . any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person."

Appellant argues that the evidence does not show a "touching" of the officer's genitals within the meaning of that word as used in the statutory definition of sexual contact.

*Miles v. State,* 157 Tex.Cr.R. 188, 247 S.W.2d 898 (1952) involved a prosecution under Article 535d, V.A.P.C. (1925). That statute provided as follows:

"It shall be unlawful for any person with lascivious intent to intentionally place or attempt to place his or her hand or hands, or any portion of his or her hand or hands upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

The Court in *Miles,* in response to the argument that the evidence in that case showed no flesh-to-flesh contact, observed that:

". . . there is nothing in the statute suggesting that the crime there denounced could be committed only by the application of the bare hand of the accused to the bare or naked sexual part of the child."

Although the statutory language in the instant case differs from that in *Miles,* we are not persuaded that a different result should follow. Webster's New Twentieth Century Dictionary of the English Language, Unabridged, Second Edition (1978) gives the following as its first definition of "touch":

"1. to put the hand, finger, or other part of the body on, so as to feel; to perceive by the sense of feeling."

This definition makes it quite plain that the essence of the act of touching is to perceive by the sense of feeling. It is a matter of the commonest knowledge that the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed. Were we to accept appellant's contention that he did not "touch" the officer's genitals because no flesh-to-flesh contact was made, absurd results would follow. Under such an analysis, a defendant who thrust his hand beneath a victim's undergarments and fondled his or her genitals in a public place could not be prosecuted for public lewdness if he were wearing a glove.

We hold that the evidence is sufficient to show an act of sexual contact and therefore is sufficient to sustain the conviction.

■ Appellant urges that the court erred in refusing the following requested instruction:

".  .  . You are further instructed that a stall or a booth in a public viewing room is private to the extent that it is offered to the public for private, however transcient, individual's use, and the occupants thereof are entitled to the modicum of privacy that its design affords. Therefore, if you should find that an act of sexual contact was made by the defendant with L. D. Reid on the 12th day of April, 1976, in the Ellwest Arcade, 308 South Ervay, Dallas, Texas, as alleged, but that such act occurred in a movie stall wherein the defendant could reasonably expect privacy, and such act was not in plain view, you will acquit the defendant and say by your verdict not guilty."

In a prosecution for public lewdness, it is not error to refuse to instruct the jury that it can acquit the defendant if it finds that the place where the defendant's conduct occurred was not a "public place." *Green v. State,* 566 S.W.2d 578 (Tex.Cr.App.1978). Appellant's requested instruction would have informed the jury that the movie stall was not a public place as a matter of law. The requested instruction was properly refused.

■ Appellant claims that a note from the jury indicates that the jurors engaged in misconduct by considering punishment during their deliberations on guilt or innocence. Appellant made no claim of misconduct in his motion for new trial, nor did he submit affidavits of jurors supporting his claim. Nothing is presented for review. *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App. 1975); *Black v. State,* 491 S.W.2d 428 (Tex. Cr.App.1973).

■ Appellant's final contention concerns the judgment and sentence, which recite that appellant engaged in an act of sexual contact and was reckless about whether another was present who would be offended or alarmed by the act. He argues that the judgment and sentence are in conflict with the pleadings and evidence, which showed that appellant engaged in an act of sexual contact in a public place. Before the appellate record was filed in this Court, a nunc pro tunc hearing was held, and the judgment and sentence were corrected. The trial court was within its power in entering the judgment and sentence nunc pro tunc. Arts. 40.09, 44.11, V.A.C.C.P.; *Perkins v. State,* 505 S.W.2d 563 (Tex.Cr.App.1974). The conflict of which appellant complains no longer exists.

The judgment is affirmed.

ODOM, J., dissents.