# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00691-CR

**Ezra Pleasant, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 3020220, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Ezra Pleasant of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Pen. Code Ann. §§ 22.021(a)(1)(B), 21.11(a)(1), (2) (West 2003). The district court imposed sentence for each conviction. Pleasant raises three points of error on appeal. First, he complains of the district court's submission of an instruction that "sexual contact" could include touching through clothing. Second, he complains of the court's failure to submit an instruction under rule of evidence 201(g) regarding its taking judicial notice of the date the indictment was presented. Third, Pleasant contends that the judgment misstates the sentence the district court actually imposed for his conviction of indecency with a child by exposure. We modify the judgment to reflect that the sentence the district court imposed for Pleasant's indecency with a child by exposure conviction was for ten years, not fifteen, but otherwise overrule Pleasant's points of error and affirm the judgment as modified.

## BACKGROUND

On D.P's twenty-first birthday, December 21, 2001, she divulged to her mother that her father, Ezra Pleasant, had sexually molested her over several years beginning in 1991, when she was approximately ten years old. Ezra Pleasant was subsequently indicted for aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. The first count, aggravated sexual assault of a child, alleged in relevant part that Pleasant had caused the penetration of D.P.'s female sex organ with his finger and caused her sexual organ to "contact" his sexual organ while she was younger than 14 years of age. *See* Tex. Pen. Code Ann. § 22.021(a)(1)(B). The second count, indecency with a child by contact, alleged that Pleasant had engaged in "sexual contact" by touching D.P.'s breasts and genitals, and by causing D.P. to touch Pleasant's genitals, while she was less than 17 years of age. *Id.* § 21.11(a)(1). The third count, indecency with a child by exposure, alleged that Pleasant had exposed his genitals to D.P. while she was less than 17 years of age. *Id.* § 21.11(a)(2).

At trial, the jury heard D.P.'s testimony describing episodes in which Pleasant groped and fondled her breasts, rubbed his penis against her vagina through clothing, made her touch his penis through clothing with her hand, penetrated her vagina with his finger, and exposed his penis and rubbed it on her bare buttocks and legs. She stated the incidents of sexual abuse occurred every time she was alone with Pleasant until she was approximately thirteen years old.

At the close of evidence, the State asked the district court to take judicial notice that the indictment had been presented on March 20, 2002. Because D.P. was uncertain regarding the exact dates on which she was molested, the State had attempted to prove the date of the offenses by demonstrating that they had occurred within the statute of limitations, *i.e.*, before the indictment was

2

presented and within ten years of D.P.'s eighteenth birthday. *See* Tex. Code Crim. Proc. Ann. art. 12.01(5) (West 2005). The State's request for judicial notice of the indictment presentment date was part of that proof. Pleasant did not object, and the district court took judicial notice of that fact. The district court subsequently instructed the jury that the State was not required to prove the exact date of the offense but could prove it occurred before the indictment was presented and within ten years of D.P.'s eighteenth birthday, and that "the date of the presentment of the indictment in this case was March 20, 2002." Pleasant did not object to this instruction.

The district court also instructed the jury that touching through clothing could constitute "sexual contact." Pleasant objected to this instruction, and the district court overruled the objection.

During closing argument, the State argued that both the penetration of D.P.'s vagina with Pleasant's finger and the contact of his penis with her vagina through clothing constituted aggravated sexual assault. The State asserted that Pleasant's touching D.P.'s breasts and genitals in a sexual manner, and his having her touch his penis with her hand through his underwear, constituted indecency with a child by contact. Additionally, the State argued that Pleasant's exposing his penis and rubbing it against D.P.'s buttocks and legs constituted indecency with a child by exposure.

The jury found Pleasant guilty of all three counts alleged in the indictment. The district court sentenced Pleasant to twenty years' confinement for aggravated sexual assault and twenty years' confinement for indecency with a child by contact. The judgment also states that Pleasant received a fifteen-year sentence for indecency with a child by exposure, but the record otherwise reflects that the district court actually imposed a ten-year sentence. This appeal ensued.

**DISCUSSION**

On appeal, Pleasant raises three points of error. In his first point of error, Pleasant claims that the district court erred in overruling his objection to the court's charge regarding sexual contact through clothing. In his second point of error, Pleasant maintains the district court erred in failing to give a permissive instruction regarding judicial notice of the indictment presentment date. Finally, in his third point of error, Pleasant asserts that the judgment misstates his sentence for indecency with a child by exposure as fifteen years, rather than ten.

**Jury instruction regarding sexual contact**

The purpose of a jury charge is to instruct the jury on the applicable law and must include an accurate statement of the law. *See* Tex. Code Crim. Proc. art. 36.14; *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Moreover, the district court must apply the law to the facts adduced at trial. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004); *Abdnor*, 871 S.W.2d at 731 (not function of charge merely to avoid misleading or confusing jury, function is to prevent confusion) (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)). The district court has broad discretion in submitting proper definitions and explanatory phrases to the jury. *Roise v. State*, 7 S.W.3d 225, 242 (Tex. App.—Austin 1999, pet. ref'd), *cert. denied*, 531 U.S. 895 (2000). While jurors are presumed to know and apply the common and ordinary meanings of words, the charge must include the definition of words or terms that do not have common meanings the jury can be presumed to know and apply. *Cuevas v. State*, 742 S.W.2d 331, 346 (Tex. Crim. App. 1987); *Murphy v. State*, 44 S.W.3d 656, 662 (Tex. App.—Austin 2001, no. pet.). This applies to terms which have a known and established legal meaning, or which have acquired a peculiar and

4

appropriate meaning in the law, such as a well-known common-law meaning. *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000).

The district court instructed the jury:

> "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. Sexual contact or touching may be through clothing and does not require skin-to-skin contact but does include a perception by a sense of feeling.

Pleasant objected that the last sentence of this instruction was erroneous and amounted to a comment on the weight of the evidence.

Pleasant emphasizes that at the time of the alleged offenses, the penal code did not explicitly define sexual contact to include touching through clothing. Prior to 2001, section 21.11 contained no definition of sexual contact. "Sexual contact" was defined in penal code section 21.01(2) as "any touching of the anus, breast, or an part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 21.01(2), 1993 Tex. Gen. Laws 3586, 3615 (amended 2001) (current version at Tex. Pen. Code Ann. § 21.01(2) (West 2003)). Pleasant points out that the legislature in 2001 added a definition of "sexual contact" to section 21.11 that explicitly included touching through clothing:

> In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
>
> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast or any part of the genitals of a person.

5

*See* Act of May 23, 2001, 77th Leg., R.S., ch. 739, § 2, 2001 Tex. Gen. Laws 1463 (Tex. Pen. Code Ann. § 21.11(c)(2) (West 2003)). Pleasant contends that in the absence of an explicit statutory directive at the time of his offenses stating that sexual conduct could include touching through clothing, the district court's instruction inaccurately stated the law and amounted to a comment on the evidence. He also suggests that the legislature's subsequent amendment of the provision to add explicit language further demonstrates that, under prior law, sexual contact did not include touching through clothing. We disagree.

The word "touching" has developed a specific meaning in the context of "sexual contact." Even before the 2001 amendments, section 21.11 had been repeatedly construed to allow the State to prove sexual contact with evidence of non-skin-to-skin touching, including touching through clothing. *See Resnick v. State*, 574 S.W.2d 558, 559-60 (Tex. Crim. App. 1978) (mere interposition of layer of fabric between person's hand and genitals of another did not prevent occurrence of sexual contact because touching will still engender sense of feeling perceived by person touched); *Steinbach v. State*, 979 S.W.2d 836, 839-40 (Tex. App.—Austin, 1998, pet. ref'd) (absence of flesh upon flesh contact did not prevent finding that evidence was sufficient to support conviction of prostitution); *Cruz v. State*, 742 S.W.2d 545, 548 (Tex. App.—Austin 1988, no pet.) (fact there was no evidence of flesh-to-flesh contact did not prevent finding that evidence was sufficient to support conviction of indecency with child); *Guia v. State*, 723 S.W.2d 763, 766 (Tex. App.—Dallas 1986, pet. ref'd) (if layer of fabric did not prevent occurrence of sexual contact for public lewdness in *Resnick*, it does not prevent occurrence of sexual contact for offense of indecency

with a child). In light of these authorities, we cannot conclude that the district court's instruction was an inaccurate statement of the controlling law at the time of Pleasant's offenses.

Although the legislature later chose to add a definition of sexual contact that explicitly included touching through clothing, we are to presume that the legislature was aware of the background law when it made that change. *See* Tex. Gov't Code Ann. § 311.023 (West 2005); *Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex. Crim. App. 1992) (when examining amendments to existing legislation, presume that legislature was aware of case law affecting or relating to statute). And, consistent with that presumption, the legislative history of the amendment indicates that the change was intended to be non-substantive and solely for clarification. *See* Senate Comm. on Crim. Justice, Bill Analysis, Tex. S.B. 92, 77th Leg., R.S. (2001). In any event, we do not infer the intent and contemporary meaning of former section 21.11 from the actions of a subsequent legislature. *See* Tex. Gov't Code Ann. § 311.023; *Boniface v. Boniface*, 656 S.W.2d 131, 137 (Tex. App.—Austin 1983, writ. denied).

The district court did not err in defining "sexual contact" and "touching" in its charge. Accordingly, we overrule Pleasant's first point of error.

**Jury instruction regarding indictment presentment date**

In his second point of error, Pleasant argues that the district court erred in failing to give a permissive instruction regarding its judicial notice of the indictment presentment date. *See* Tex. R. Evid. 201(g) (in criminal cases, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed). The district court instructed the jury as follows:

7

> You are further charged as a part of the law in this case that the state is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment so long as the indictment was returned within 10 years of the 18th birthday of the alleged victim. You are instructed that the date of the presentment of the indictment in this case was March 20, 2002.

Pleasant states he was harmed by this instruction because the court's error had the effect of lessening the State's burden of proof.

Our disposition of this issue turns on whether the date of presentment was an "adjudicative fact" for which the district court would have been required to give a permissive instruction under rule 201(g). *See id.* Adjudicative facts are relevant to the ultimate issue in dispute, but are not themselves the subject of controversy. *Watts v. State*, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003). The indictment presentment date is not an adjudicative fact in this case because it is not relevant to any issue in dispute. Pleasant did not assert a statute of limitations defense at trial, and the charge did not condition a guilty verdict on a finding that the offense was committed before the indictment was presented and within the limitations period.

Further, Pleasant failed to object when the State asked the district court to take judicial notice of the presentment date and did not object to the instruction the court gave. Thus, even if the district court had erred in giving the instruction, we would reverse only if there was fundamental error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). We cannot conclude that any harm from the instruction, even if erroneous, would rise to that level.

We overrule Pleasant's second point of error.

8

**Sentence for indecency with a child by exposure**

In his third point of error, Pleasant urges this Court to modify the district court's judgment imposing a fifteen-year sentence for indecency with a child by exposure to accurately reflect the ten-year sentence the court imposed, as demonstrated by the record. We may correct and reform a trial court judgment to make the judgment "congruent with the record." *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *St. Julian v. State*, 132 S.W.3d 512, 517 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). We modify the judgment to show that Pleasant was sentenced to ten years on his conviction for indecency with a child by exposure.

## CONCLUSION

We modify the judgment to reflect that the district court imposed a ten-year sentence for indecency with a child by exposure, and affirm the judgment as modified.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   December 9, 2005

Do Not Publish

9