**Affirmed as Modified and Opinion Filed November 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00169-CR**

**MICHAEL EDWARDS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M-2062721**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Partida-Kipness

Appellant Michael Edwards appeals his conviction of indecent assault. *See*

TEX. PENAL CODE § 22.012(a)(1). In a cross-issue, the State asks the Court to modify

the judgment to reflect that (1) Edwards' conviction was probated for a period of

two years, and (2) Edwards was convicted of indecent assault. We overrule Edwards'

sole appellate issue, sustain the State's cross-issue, and affirm the judgment as

modified.

# BACKGROUND

Because the facts are well-known to the parties, we discuss them below only as necessary to resolve the issues presented on appeal and to explain our analysis in context. On October 5, 2020, the complainant, L.T., began renting a room from Edwards. According to L.T., when she went to bed on December 18, 2020, she locked the door to her room as she did every night. But she woke up between 4:00 a.m. or 5:00 a.m. when she felt "somebody fondling [her] vagina." She saw Edwards standing at the head of the bed. He was naked from the waist down and was "rubbing [her] vagina" over her pajama pants. L.T. testified she was "shocked" when she saw Edwards in her room. She assumed Edwards broke into her room because she knew she had locked the door before going to bed. When she saw Edwards, she jumped up and screamed for him to get out of the room. According to L.T., Edwards acted "Surprised. Like, his eyes got big looking. Like, he didn't expect me to wake up, you know. And he was just surprised." Edwards then "started trying to apologize and said he was sorry," and left the room. L.T. told the jury she did not tell Edwards he could be in her room and he was not allowed in her room on a regular basis. She also testified that on the night of the incident, she did not ask Edwards to have sex, did not ask Edwards to touch her vagina, did not ask Edwards for oral sex, did not remove Edwards' clothes, and did not ask Edwards to remove his clothes.

L.T. did not immediately call 911. Instead, she called two friends because she did not know what to do. Four or five hours later, however, she called the police. When officers arrived, L.T. was still very upset about what happened. She was consistent in her statements and told officers she assumed Edwards used a knife to release the lock on her door. Officers found a hole in the door and believed the poor state of the door and lock left it susceptible to tampering.

Officer Albert Jefferson of the Dallas Police Department spoke to Edwards on scene. According to Officer Jefferson, Edwards "was very wanting to tell his side of the story right away" and told the officer that L.T. was lying because Edwards was trying to evict her. Edwards initially denied having a sexual relationship with L.T., denied he had been in L.T.'s room that night, and denied anything had happened that night. He later told Officer Jefferson that he and L.T. had sex twice in the past. These inconsistent statements led Officer Jefferson to believe Edwards' "story wasn't staying the same at that point." Edwards eventually admitted he had been in L.T.'s room earlier that night. Based on their interviews with L.T. and Edwards, the officers believed "something had happened." Namely, that Edwards had fondled L.T. without her consent. After consultation with a detective, the decision was made to arrest Edwards on a charge of misdemeanor indecent assault.

The case was tried to a jury in February 2023. The jury found Edwards guilty as charged in the information. The trial judge sentenced Edwards to one year

confinement but probated the sentence for two years. The trial judge specified the probation would be non-reporting probation. This appeal followed.

**STANDARD OF REVIEW**

In his sole appellate issue, Edwards contends the evidence was legally insufficient to support the conviction. In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). This standard requires that we defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). Circumstantial evidence is as probative as direct evidence and is sufficient, standing alone, to establish a defendant's guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We will uphold the verdict unless a rational factfinder must have had reasonable doubt with respect to any essential element of the offense. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 895.

## ANALYSIS

Edwards' legal sufficiency challenge is based on his contention that the indecent assault statute does not apply when the evidence shows the defendant only touched the complainant's genitals over or through her clothing. The indecent assault statute provides:

> (a) A person commits an offense if, without the other person's consent and with the intent to arouse or gratify the sexual desire of any person, the person:
>
> > (1) touches the anus, breast, or any part of the genitals of another person;
> >
> > (2) touches another person with the anus, breast, or any part of the genitals of any person;
> >
> > (3) exposes or attempts to expose another person's genitals, pubic area, anus, buttocks, or female areola; or
> >
> > (4) causes another person to contact the blood, seminal fluid, vaginal fluid, saliva, urine, or feces of any person.
>
> (b) An offense under this section is a Class A misdemeanor.
>
> (c) If conduct that constitutes an offense under this section also constitutes an offense under another law, the actor may be prosecuted under this section, the other law, or both.

TEX. PENAL CODE § 22.012.[1] Edwards was charged and convicted of indecent assault by intentionally and knowingly touching the genitals of L.T. with the intent to arouse or gratify his own sexual desire without L.T.'s consent. *See* TEX. PENAL CODE § 22.012(a)(1).

---

[1] In 2023, the Texas Legislature amended section 22.012 by adding language to subsection (b) and adding a new subsection (d). *See* Acts 2023, 88th Leg., ch. 659 (H.B. 55), § 1, eff. Sept. 1, 2023. Those amendments are irrelevant here.

–5–

Edwards contends there is no evidence he touched L.T.'s genitals as required by section 22.012 because L.T. testified the touching occurred over her pajama pants. He cites no case law to support his argument that "touching" a person's genitals under section 22.012 requires proof of touching under the victim's clothing, or flesh-to-flesh touching. Rather, Edwards argues the statute requires "touching" to be skin-to-skin because it does not include "touching through clothing" in its text. He relies on the statutes governing continuous sexual abuse and indecency with a child to support his argument. *See* TEX. PENAL CODE §§ 21.02 (continuous sexual abuse of a child), 21.11 (indecency with a child). Each of those statutes explicitly reference "touching through clothing" as a type of touching. For example, the continuous sexual abuse of a child statute defines "act of sexual abuse" in part as a violation of the following penal law:

> (2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child[.]

TEX. PENAL CODE § 21.02(c)(2). Similarly, the indecency with a child statute includes "touching through clothing" in its definition of sexual contact:

> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

>> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX. PENAL CODE § 21.11(c). In contrast, the indecent assault statute does not define "touch" or include any reference to "touching through clothing." Rather, section 22.012(a)(1) provides:

> (a) A person commits an offense if, without the other person's consent and with the intent to arouse or gratify the sexual desire of any person, the person:
>
> > (1) touches the anus, breast, or any part of the genitals of another person;

TEX. PENAL CODE § 22.012(a)(1). Edwards maintains the Legislature would have specifically included language such as "including touches through clothing" in sections 22.012(a)(1) and 22.012(a)(2) if skin-to-skin contact was not required. The Texas Court of Criminal Appeals and this Court have rejected this argument when faced with similar statutory language. *See Resnick v. State*, 574 S.W.2d 558, 560 (Tex. Crim. App. 1978) (rejecting argument that public lewdness statute required proof of flesh-to-flesh contact to prove he touched the genitals of the victim); *IslasMartinez v. State*, 452 S.W.3d 874, 879–80 (Tex. App.—Dallas 2014, pet. ref'd) (rejecting the argument that "contact" must be flesh-to-flesh and concluding that in the context of aggravated sexual assault of a child, contact may occur through clothing).

For example, in *Resnick*, the defendant was convicted of public lewdness by sexual contact in a public place following an encounter with an undercover officer

at an adult movie house in Dallas. 574 S.W.2d at 559. As relevant to Resnick's charge, section 21.07 of the penal code defined public lewdness as follows:

> A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act: . . .
>
> (3) an act of sexual contact;

TEX. PENAL CODE § 21.07(a)(3). "Sexual contact" was defined as:

> . . . any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person.

TEX. PENAL CODE § 21.02(2). The evidence at trial showed that while Resnick and the officer watched the movie, Resnick "placed his hand on that portion of the officer's trousers which covered his genitals." *Resnick*, 574 S.W.2d at 559. It was undisputed Resnick did not make flesh-to-flesh contact with the officer's genitals. *Id.* Resnick was charged and convicted of public lewdness by sexual contact in a public place, with the complaint and information alleging in relevant part that he did ". . . knowingly engage in an act of sexual contact . . ., by then and there touching the penis of the said . . ., with the intent to arouse and gratify the sexual desire of Ronald Resnick, in a public place. . . ." *Id.*

On appeal, Resnick argued the evidence does not show a "touching" of the officer's genitals within the meaning of that word as used in the statutory definition of sexual contact because there was no flesh-to-flesh contact between his hand and the officer's genitals. *Resnick*, 574 S.W.2d at 559. The Texas Court of Criminal

–8–

Appeals rejected that argument and concluded the statute did not require the crime of public lewdness by sexual contact be committed only by flesh-to-flesh contact. *Id.* Citing a dictionary definition of touch, the court noted "the essence of the act of touching is to perceive by the sense of feeling" and "the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed." *Id.* at 560. The *Resnick* court further concluded that adding an implicit requirement of flesh-to-flesh contact to the statute would lead to absurd results:

> Were we to accept appellant's contention that he did not "touch" the officer's genitals because no flesh-to-flesh contact was made, absurd results would follow. Under such an analysis, a defendant who thrust his hand beneath a victim's undergarments and fondled his or her genitals in a public place could not be prosecuted for public lewdness if he were wearing a glove.

*Id.* The *Resnick* court held the evidence was sufficient to show an act of sexual contact and sufficient to sustain the conviction. *Id.*

This Court reached a similar conclusion regarding a conviction for aggravated sexual assault of a child. *IslasMartinez*, 452 S.W.3d at 879–80. In *IslasMartinez*, the defendant appealed his conviction for aggravated sexual assault of a child by contact. *Id.* at 875. In *IslasMartinez*, the penal code provided that a person commits the offense of aggravated sexual assault of a child "if the person intentionally or knowingly causes the female sexual organ of a child, who was not the spouse of the actor, to contact the sexual organ of the actor and the child is under the age of fourteen." TEX. PENAL CODE §§ 22.021(a)(1)(B)(iii), (2)(B). The evidence at trial

–9–

showed the contact between IslasMartinez's sexual organ and the complainant's sexual organ was not flesh-to-flesh. *IslasMartinez*, 452 S.W.3d at 875–77. On appeal, IslasMartinez argued the evidence was insufficient to support the conviction because only flesh-to-flesh contact between sexual organs constituted aggravated sexual assault under the penal code. *Id.* at 877. This Court disagreed, declined to "write into a statute language that is not there" and concluded "in the context of aggravated sexual assault of a child, contact may occur through clothing. *Id.* at 879–80. Accordingly, the Court concluded the evidence was sufficient to support the conviction. *Id.* at 880. In so holding, our Court noted IslasMartinez's argument would lead to absurd results:

> It does not matter that the contact occurred through clothing—it is the deliberate and sexual nature of the act that is offensive. Appellant's construction that "contact" in this context must be flesh-to-flesh would lead to the absurd result that an actor could never be prosecuted for aggravated sexual assault of a child if the actor contacted a child's bare female sexual organ with his sexual organ while wearing a condom.

*Id.* at 879.

The analysis applied in *Resnick* and *IslasMartinez* is equally applicable here. We reject the argument that a "touch" must be flesh-to-flesh and conclude that in the context of indecent assault, a "touch" may occur through clothing. *See* TEX. PENAL CODE § 22.012(a)(1). Here, it is undisputed Edwards touched L.T.'s genitals though her pajama pants. Flesh-to-flesh contact is not required to establish the offense of indecent assault and, therefore, the evidence was legally sufficient to support the conviction. We overrule Edwards' sole appellate issue.

–10–

**THE STATE'S CROSS-ISSUE**

In a cross-issue, the State asks the Court to modify the judgment to reflect that (1) Edwards' conviction was probated for a period of two years, and (2) Edwards was convicted of indecent assault. We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."); TEX. R. APP. P. 43.2(b). Because the record supports the State's requested modifications, we sustain the State's cross-point and modify the judgment as requested and as set out below.

The judgment states Edwards was placed on community supervision for a period of twelve months. The record, however, reflects the trial court orally pronounced Edwards' probationary period as two years and ordered the probation to be non-reporting. Under those circumstances, the oral pronouncement of the sentence trumps the written memorialization of the decision. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). We, therefore, modify the judgment to delete "12 MONTHS" from the "TERMS OF COMMUNITY SUPERVISION" box and replace it with "24 MONTHS – NON-REPORTING PROBATION."

Additionally, the judgment's offense section lists the date of the jury verdict as the "OFFENSE CONVICTED OF" rather than the offense appellant was

–11–

convicted of—indecent assault. TEX. PENAL CODE § 22.012. We, therefore, modify the judgment by deleting "02/16/2023" from the "OFFENSE CONVICTED OF" line and replacing it with "INDECENT ASSAULT - TEX. PENAL CODE § 22.012."

## CONCLUSION

The evidence was legally sufficient to support the conviction, and the State's requests to modify the judgment are supported by the record. Accordingly, we affirm the judgment as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230169F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL EDWARDS, Appellant

No. 05-23-00169-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. M-2062721.
Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"12 MONTHS" is deleted from the "TERMS OF COMMUNITY SUPERVISION" box and replaced with "24 MONTHS – NON- REPORTING PROBATION."

"02/16/2023" is deleted from the "OFFENSE CONVICTED OF" line and replaced with "INDECENT ASSAULT - TEX. PENAL CODE § 22.012."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of November 2024.