

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

CHRISTOPHER THRASHER,                                           No. 08-24-00131-CR

§

     Appellant,                                           Appeal from the

§

v.                                           243rd District Court

§

STATE OF TEXAS,                                           of El Paso, Texas

§

     Appellee.                                           (TC# 20220D03279)

§

## MEMORANDUM OPINION

A jury found Appellant Christopher Thrasher guilty of one count of indecency with a child by sexual contact. The trial court sentenced Thrasher to two years' confinement. The trial court later granted Thrasher's motion for new trial on the ground that the jury's verdict was contrary to the law and evidence, and the State appealed.[1] We reversed the trial court's decision granting the new trial and reinstated the jury's verdict and the judgment of conviction. *See State v. Thrasher*, No. 08-22-00246-CR, 2023 WL 4830599, at *1 (Tex. App.—El Paso July 27, 2023, pet. ref'd)

---

[1] Thrasher's motion for new trial was based on two grounds: "(1) that the jury's verdict was contrary to the law and evidence; and (2) that due process and the interest of justice required a new trial." S*tate v. Thrasher*, No. 08-22-00246-CR, 2023 WL 4830599, at *1 (Tex. App.—El Paso July 27, 2023, pet. ref'd) (mem. op., not designated for publication). After granting the motion, the trial court entered findings of fact and conclusions of law explaining the grounds for its decision.

1

(mem. op., not designated for publication) (*Thrasher I*). This is the direct appeal of the reinstated judgment of conviction in which Thrasher maintains: (1) insufficient evidence supports his conviction because there was no evidence from which a reasonable jury could have found the required element of sexual contact; and (2) the trial court abused its discretion by allowing the mother of the complaining witness, whom we identify as L.A., to testify to a statement L.A. made to her after the alleged incident occurred.[2] For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Because we summarized the facts in our prior opinion, we only recount the facts necessary to our disposition of this appeal.

Thrasher was charged by indictment with one count of indecency with a child under the age of 17 years by sexual contact based on an incident that occurred at a Dave and Buster's restaurant in El Paso in November 2018. The indictment alleged that on or about November 25, 2018, Thrasher "did then and there, with intent to arou[se] or gratify [his] sexual desire . . . intentionally or knowingly cause [L.A.], a child younger than 17 years of age, to engage in sexual contact by touching her body with his genitals."

### A. L.A.'s trial testimony

At trial, L.A. testified that in November 2018, when she was 14 years old, she went with her family to the Dave and Buster's. After she finished eating, L.A. went with her three-year-old niece to play video and arcade games. While playing the first game (a race car game), she recalled seeing a father standing near her (later identified as Thrasher) whose son was playing the game against her. She had a brief interaction with him in which he complimented her "driving."

---

[2] Because the complaining witness was a minor at the time of the offense, we use initials for privacy protection. *See* Tex. R. App. P. 9.10(a)(3).

After moving to a third game in which she was seated in a booth with Thrasher's son sitting in the booth across from her, she observed Thrasher standing "really close" by her side. L.A. initially testified that she saw Thrasher in a reflection from the game's screen "rubbing his penis area" on her body, including "[her] elbow and around [her] hip area," explaining that by "rubbing," she meant he was "moving his waist around that area." When the prosecutor then asked her if Thrasher's "penis area was actually touching [her] body," she responded in the affirmative. And when asked how she knew it was his penis that was touching her body, she explained it was because of "the bulge that comes out of the pants."

On cross-examination by defense counsel, L.A. testified that she did not "feel [Thrasher] touching [her]" and that she "didn't feel it." She clarified that the touching was not "skin to skin," as both she and Thrasher had their clothes on, so she "didn't feel him touch [her] skin, but he was touching [her] -- the outside of [her] clothes, [her] body right here." She reiterated that she was clear Thrasher was touching her with his penis "[b]ecause of where the zipper was and where the bulge of his penis is."

L.A. further testified that although she did not "feel his penis," she "felt . . . the motion" of it, explaining that Thrasher was moving his hips, and was "moving around" her body, starting at her elbow, then going from her "waist area" to her "hip area." *Id.* When defense counsel once again asked her if "any of him was touching [her]" during that time, L.A. responded, "just his penis, like just his bulge area." And she responded "yes," when the prosecutor asked her whether "[t]hat part was touching you?"

On final cross-examination, when asked if she believed "it was touching [her] because [she] saw it touching [her]," she responded that "[she] saw it touching [her]." When asked if she felt it, she again responded that she "didn't feel it skin to skin contact." Once again clarified that

3

after seeing Thrasher's image in the reflection on the video screen, she felt the "motion . . . of him moving around in that area."

After the incident, L.A. rejoined her family where they had been sitting. She testified that after her mother questioned her about why she seemed upset, she told her that "a man touched [her] or was touching [her]." Her mother then confronted Thrasher, and the manager called the police. Thrasher left the venue before the police arrived. L.A. later was able to identify Thrasher as her assailant with 90% certainty from a photo lineup.

## B. L.A.'s mother's testimony

Prior to trial, defense counsel filed a motion in limine seeking to exclude the mother's testimony regarding what L.A. had told her about the incident, contending it constituted inadmissible hearsay. Defense counsel argued that L.A.'s statement could not be admitted under the "excited utterance" exception as it was made after L.A. had time to reflect on the incident, and it was not the type of "emotional outburst" that would render the statement admissible under that exception. After defense counsel conducted a voir dire examination of the mother outside the presence of the jury regarding the circumstances surrounding the statement, the trial court ruled that L.A.'s statement was admissible as an excited utterance.

At trial, L.A.'s mother testified that after L.A. returned from playing games, she appeared "scared" based on her body language. After a few minutes when she asked what was wrong, L.A. informed her that a man had been "following her while she was going to the different games" and that he "came around her to the side of her and was putting his erect penis on her arm and rubbing on her."

4

### C. Thrasher's motion for a directed verdict

After the State rested, Thrasher moved for a directed verdict. His principal contention was that L.A. denied feeling any contact with Thrasher's genitals, and her only testimony was that she observed the contact through the reflection on the screen of a game. According to Thrasher, her testimony was therefore insufficient to support a finding of sexual contact. After reviewing L.A.'s testimony, the trial court denied the motion.

### D. The jury's verdict and Thrasher's motion for new trial

The jury found Thrasher guilty of the charged offense of indecency with a child by sexual contact, and the court sentenced him to two years in prison. Thrasher thereafter filed a motion for new trial, pointing to the same alleged deficiencies in L.A.'s testimony as he did in his motion for directed verdict, claiming that because L.A. testified that she did not "feel" Thrasher's penis touch her, the State failed to prove the necessary element of sexual contact. The trial court granted the motion. In its findings of fact and conclusions of law, the court concluded that "there was no evidence at trial that the complaining witness ever felt the Defendant's penis touch her," and that "[h]er belief that she saw (in the reflection in the border of the video game she was playing) Defendant's penis touch her arm or leg is insufficient evidence of sexual contact because there was no sensation of touching." The State appealed.

In our opinion in *Thrasher I*, we concluded that the trial court abused its discretion in granting the motion. *Thrasher I*, 2023 WL 4830599, at *10. We held that viewing the evidence in the light most favorable to the jury's verdict, "a rational jury could have found beyond a reasonable doubt the essential elements of the offense; specifically, that Thrasher touched L.A.'s body with the bulge of his penis with intent to arouse or gratify his sexual desire." *Id*. We reversed the trial

5

court's order and reinstated the jury's verdict and the trial court's judgment. *Id.* Thrasher now appeals from the reinstated judgment of conviction.

## II. ISSUES ON APPEAL

Thrasher raises two points of error on appeal. First, he argues there was insufficient evidence to convict him of indecency with a child by sexual contact because there was no evidence from which a reasonable jury could have found the required element of sexual contact.[3] Second, Thrasher contends the trial court abused its discretion by allowing L.A.'s mother to testify to the statement L.A. made to her under the "excited utterance" exception to the hearsay rule.

## III. LEGAL SUFFICIENCY

### A. Standard of review

In reviewing the legal sufficiency of the evidence to support a criminal conviction, we view the evidence in the record in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (establishing legal sufficiency under *Jackson v. Virginia* as the only standard for review of the evidence). The factfinder is the sole judge of weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We therefore defer

---

[3] Because we concluded in our opinion in *Thrasher I* that the jury's verdict was not contrary to the law and evidence, the State argues we should view our holding as the "law of the case" and reject Thrasher's argument regarding insufficiency of the evidence on that basis alone." [U]nder the doctrine of 'the law of the case,' where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all its subsequent stages, including a retrial and a subsequent appeal." *Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993) (en banc). However, as the Court of Criminal Appeals has recognized, "[t]he doctrine is required by neither constitution nor statute"; instead, "it is merely a court-made prudential doctrine designed to promote judicial consistency and efficiency." *Id.* Thus, "[t]he question as to whether [a] court will reconsider, upon a second appeal, what [was] formerly decided in the same case, must always be addressed to the discretion of the court, and determined according to the particular circumstances of that case." *Id.*; *see also Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999) (recognizing that the law of the case's application "is not inflexible"). Here, we exercise our discretion to consider the merits of Thrasher's argument regarding whether the record contains sufficient evidence of sexual contact to support his conviction.

to the trier of fact to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018).

Because the factfinder is responsible for judging the credibility of witnesses, it "may find credible all, some, or none of the testimony that the witnesses give." *Romano v. State*, 610 S.W.3d 30, 34 (Tex. Crim. App. 2020) (citing *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000) (en banc)). We do not re-weigh evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Thus, "[w]hen the record supports conflicting inferences, a reviewing court must 'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (citing *Jackson*, 443 U.S. at 326).

## B. Applicable law

A person commits the offense of indecency with a child younger than 17 years of age when the person "engages in sexual contact with the child or causes the child to engage in sexual contact[.]" Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" as it is used here refers to "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person," when committed with the intent to arouse or gratify the person's sexual desire. Tex. Penal Code Ann. § 21.11(c)(2).

## C. Analysis

Thrasher argues that "[t]here is no evidence in the record that L.A. ever felt [his] genitals touching her." According to Thrasher, each time L.A. testified that his genitals had touched her, she was relying solely on her "visual perception." And he contends that the "visual perception of a touch is not sufficient for any reasonable juror to find the element of sexual contact beyond a

7

reasonable doubt." Stated otherwise, he maintains that a "visual perception of a touch cannot, as a matter of law, be sufficient evidence of a touching."[4] Thrasher then concludes that because L.A. was the "only person that could testify as to whether or not any contact occurred," the State's evidence was insufficient to support a conviction.

Although Thrasher urges us to hold that a defendant may not be found guilty of indecency with a child by sexual contact based solely on the child's visual perception of the touching, we need not opine on that issue, as we find legally sufficient evidence in the record from which the jury could have concluded that L.A. both saw and felt the touching of Thrasher's genitals on her body through their clothing. As we recognized in *Thrasher I*, L.A. testified at trial that she initially perceived Thrasher touching her through the reflection on the screen she was playing. *Thrasher I,* 2023 WL 4830599, at *2–3. However, contrary to Thrasher's arguments, L.A. did not testify that this was the only way that she perceived the touching. L.A. testified that she felt Thrasher's "bulge," which she identified as his "penis area," rubbing against her hip and arm through their clothing. And at other points in her testimony, she clarified that although she could not feel his skin against hers because of the layers of clothes between them, she was "very clear that he was touching [her] body with his penis."

As we observed in *Thrasher I*, while it is true that at times L.A. said she did not "feel" the touching, the jury could have reasonably concluded, based on her testimony, that she meant the

---

[4] In making this argument, Thrasher relies primarily on the same cases that he did in his brief in response to the State's appeal to support his contention that "the essence of the act of touching is to perceive by the sense of feeling." *See Resnick v. State*, 574 S.W.2d 558, 560 (Tex. Crim. App. [Panel Op.] 1978); *Tienda v. State*, 479 S.W.3d 863, 873 (Tex. App.—Eastland 2015, no pet.). As we did in *Thrasher I,* however, we note that these cases stand only for the proposition, now enshrined in § 21.11(c)(2) of the Texas Penal Code, that sexual contact can be established even when the child feels the contact through a layer of clothing. *Resnick*, 574 S.W.2d at 560 ("It is a matter of the commonest knowledge that the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed"); *Tienda*, 479 S.W.3d at 873 (recognizing that sexual contact was established even though the touching occurred between "multiple layers of clothing or fabric separating Appellant's penis and [the complaining witness's] buttocks"). None of the cases cited by Thrasher stand for the proposition that L.A.'s testimony that she felt the "movement" of Thrasher's "penis area" or "bulge" on her body through their clothing was insufficient to establish the element of sexual contact.

touch was not "skin to skin," as both she and Thrasher had their clothes on. *Id.* at *8. And Texas Penal Code § 21.11(c)(2) expressly provides that touching through clothing is sufficient to support the element of sexual contact required for the offense of indecency with a child by sexual contact.

To the extent L.A.'s testimony may have been internally inconsistent on the question of whether she felt the touching, it was up to the jury to resolve those inconsistencies. *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016) (recognizing that an appellate court must "give deference to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'") (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). As we recognized in *Thrasher I*, "a child victim's descriptions of what happened to her need not be precise and she is not expected to express herself at the same level of sophistication as an adult." *Thrasher I*, 2023 WL 4830599, at *8. To the contrary, "[c]hild victims of sexual crimes are afforded great latitude when testifying and they are not expected to testify with the same clarity and ability as is expected of a mature and capable adult." *See Farias v. State*, No. 08-23-00234-CR, 2024 WL 3349079, at *6 (Tex. App.— El Paso July 9, 2024, no pet.) (mem. op., not designated for publication). And a child-victim's testimony, standing alone, is generally sufficient to support a conviction for indecency with a child by contact. *See Thrasher I*, 2023 WL 4830599, at *8 (citing Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1) (uncorroborated testimony of child victim is sufficient to support conviction for sexual offenses if child victim was 17 years of age or younger at the time of the offense)); *see also Farias*, 2024 WL 3349079, at *7 (recognizing same).

In sum, despite any inconsistencies in L.A.'s testimony, her testimony that she felt Thrasher's "bulge" or his "penis area" rubbing her body was legally sufficient to support the jury's verdict. *See Farias*, 2024 WL 3349079, at *7 (finding sufficient evidence to uphold the jury's

verdict where, "despite any conflicts in the record and any inconsistencies in [child-victim's] recollection of the events, [she] testified to each element of the offense of indecency with a child by contact"). Accordingly, viewing the evidence in the light most favorable to the verdict, as we must, we conclude that a reasonable factfinder could have found beyond a reasonable doubt that Thrasher committed the offense of indecency with a child by sexual contact by touching L.A.'s body with his genitals.

Thrasher's first issue is overruled.

## IV. THE EXCITED UTTERANCE EXCEPTION TO THE HEARSAY RULE

In his second issue, Thrasher maintains the trial court abused its discretion by allowing L.A.'s mother to testify to the statement L.A. made to her under the "excited utterance" exception to the hearsay rule.

### A. Applicable law and standard of review

Hearsay is a statement that "the declarant does not make while testifying at the current trial . . . and [] a party offers in evidence to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801(d)(1), (2). The "excited utterance" hearsay exception allows the admission of "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Tex. R. Evid. 803(2). For a statement to be admitted under this exception, three requirements must be shown: "(1) the 'exciting event' should be startling enough to evoke a truly *spontaneous* reaction from the declarant; (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication; and (3) the resulting statement should be sufficiently 'related to' the startling event, to ensure the reliability and trustworthiness of that statement." *McCarty v. State*, 257 S.W.3d 238, 241 (Tex. Crim. App. 2008). In determining whether a hearsay statement is an excited utterance, a court may consider a variety of factors, such

10

as "the length of time between the occurrence and the statement, the nature of the declarant, whether the statement is made in response to a question, and whether the statement is self-serving." *Apolinar v. State*, 155 S.W.3d 184, 187 (Tex. Crim. App. 2005). However, none of these factors is dispositive; "[t]he critical determination is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event' or condition at the time of the statement.'" *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (en banc)). The admissibility of an out-of-court statement under the excited utterance exception to the hearsay rule is a matter within the trial court's discretion. *Id.* (citing *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995)).

### B. Analysis

Thrasher contends the trial court abused its discretion in admitting L.A.'s statement as an excited utterance because there was "no objective evidence that L.A. was excited or under stress" when she made her statement, and it was made after she had ample time to reflect and "fabricate a version of events." In addition, Thrasher argues L.A.'s statement was not made spontaneously but rather in response to her mother's questions. Finally, Thrasher maintains that at the time the trial court made its decision, the State had not yet established a "startling event" had even occurred, as the court made its decision to admit L.A.'s statement before she testified to the event itself. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002) (recognizing that "an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made").

Here, we need not decide whether the trial court abused its discretion in allowing L.A.'s mother to testify to L.A.'s out-of-court statement because we conclude that any error in admitting her testimony was harmless. An error in admitting hearsay evidence is considered non-

11

constitutional error that must be disregarded unless the error affected a defendant's "substantial right." *See Macedo v. State*, 629 S.W.3d 237, 240 (Tex. Crim. App. 2021) ("Assuming for the sake of argument that the police report was inadmissible hearsay, its admission was non-constitutional error [which] must be disregarded if it 'does not affect substantial rights.'") (citing Tex. R. App. P. 44.2(b)).[5] "An error does not affect substantial rights if the appellate court has 'a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect.'" *Id.* (quoting *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018)). "In deciding that question, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence supporting the verdict; and (4) whether the State emphasized the error." *Id.*

In considering the record as a whole, we have fair assurance that any error in allowing L.A.'s mother to testify to L.A.'s out-of-court statement did not influence the jury or had but a slight effect. First, as set forth above, L.A. herself testified at trial that after returning to the family's booth, she informed her parents that a man, whom she later identified as Thrasher, had "touched [her] or was touching [her]." In general, any error in admitting evidence will not result in reversal "when other such evidence was received without objection, either before or after the complained-of ruling." *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc). Thus, in a similar situation, our sister court ruled that because the child victims of a sexual crime were permitted to testify at trial without objection to the out-of-court statements they made to their

---

[5] Texas Rule of Evidence 44.2 provides two standards for harm in criminal cases. If the error is constitutional in nature, "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). But it provides that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b).

mother about the offense, any error in admitting the mothers' testimony was "cured by the admission of substantially the same testimony" by the victims themselves. *See Poole v. State*, 974 S.W.2d 892, 899 (Tex. App.—Austin 1998, pet. ref'd) (citing *Willis v. State*, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989) (recognizing that the admission of inadmissible evidence is harmless error if other evidence that proves the same fact is admitted without objection at trial)).

Thrasher, however, contends that in his case, L.A.'s mother's testimony "was more prejudicial than L.A.'s own telling of the story" and could have been the deciding factor in the jury's verdict. According to Thrasher, because L.A.'s mother testified to L.A.'s statement before L.A. provided her own testimony, this improperly bolstered L.A.'s credibility. Thrasher further contends that in contrast with the confusing nature of L.A.'s testimony regarding whether she actually felt any touching, her mother's testimony indicated that L.A. had informed her with more certainty shortly after the alleged incident occurred that a touching had in fact occurred. Thrasher therefore argues that her testimony could have been the evidence that swayed the jury to convict him.

Though L.A.'s testimony was at times confusing, she testified with certainty that Thrasher had touched her body with his genitals, albeit through layers of clothing, and she provided a significant amount of detail when describing her encounter with Thrasher. In contrast, L.A.'s mother's testimony was brief and lacked the detail L.A. provided in her testimony. Accordingly, we find that L.A.'s own testimony would have had a more significant impact on the jury than her mother's brief testimony. *See Auld v. State*, 652 S.W.3d 95, 111–12 (Tex. App.—Texarkana 2022, no pet.) (ruling that the admission of the child-victim's out-of-court statement regarding the defendant's alleged touching was harmless error since her statement was far less detailed and specific than the victim's own testimony); *see also Bourque v. State*, 156 S.W.3d 675, 676–77

13

(Tex. App.—Dallas 2005, pet. ref'd) (concluding that any error in the admission of counselor's hearsay testimony of abuse was harmless where child-victim provided explicit and detailed testimony of the abuse).

In addition, the mother's testimony was not the only evidence supporting L.A.'s testimony. At trial, the State introduced the testimony of the officer who conducted the photographic lineup in which L.A. participated, who testified without objection that L.A. identified Thrasher's photograph with 90% certainty as the man who had "rubbed his private parts on [her]." *cf. Rodriguez v. State*, No. 08-09-00118-CR, 2010 WL 2844780, at *2 (Tex. App.—El Paso July 21, 2010, no pet.) (not designated for publication) (concluding that witness's identification of appellant as the perpetrator of alleged offense was sufficient evidence to support his conviction).

Finally, we note that the State did not emphasize the complained-of error to the jury. *See Motilla v. State*, 788 S.W.3d 352, 355–56 (Tex. Crim. App. 2002) (recognizing that a reviewing court can examine the State's theory of the case, closing arguments, and if the State emphasized the error when conducting a harm analysis). As the State points out, the prosecutor did not mention the mother's testimony in her opening statement and only briefly mentioned her testimony in closing on two occasions in very general terms. In her first reference, the prosecutor summarized the other witnesses' testimony, including L.A.'s, and stated: "You heard from her mother telling you how it happened." In her second reference, the prosecutor said the jury had heard from both L.A. and her mother regarding her demeanor when she returned to the family's booth, and that after questioning L.A., her mother "found out what happened." The prosecutor did not repeat the statement L.A. made to her mother, nor did she emphasize the mother's testimony as significant to the State's theory of the case.

Accordingly, we conclude that any error in admitting the mother's testimony regarding L.A.'s out-of-court statement did not "influence the jury, or had but a slight effect" and therefore did not constitute reversible error.

Thrasher's second issue is overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

LISA J. SOTO, Justice

August 14, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

15