**Opinion filed January 8, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00198-CR

_____

## NORMAN BEN ACOSTA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F37046**

## M E M O R A N D U M   O P I N I O N

Appellant, Norman Ben Acosta, was indicted for indecency with a child by sexual contact, a second-degree felony. TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1), (d) (West 2019). For punishment enhancement purposes, the State also alleged that Appellant had previously been finally convicted of two felony offenses. PENAL § 12.42(d) (West Supp. 2025). The jury convicted Appellant of the charged offense. Appellant pled "true" to the enhancement allegations, the jury found both

enhancements to be "true," and assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine. The trial court sentenced him accordingly.

In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## I. *Factual Background*

The victim, Jane Doe,[1] was sixteen when the offense was committed. Jane Doe lived with her mother and two brothers when Appellant, her maternal grandfather, moved into an apartment above their unattached garage.

Jane Doe testified that on the day of the offense, she was alone with Appellant while her mother and brothers attended a baseball game. She and Appellant were seated on opposite ends of a couch in the house, watching television. A puppy was sitting in Jane Doe's lap. Jane Doe drifted off to sleep but awoke to the feeling of Appellant touching her vagina over her clothes. She testified that she told him to stop and she froze; he then retreated to the opposite end of the couch. He asked her if he "could do it again," but she refused; he then asked her not to tell her mother about what he had done. Jane Doe did not tell her mother for approximately three months because she was scared and disgusted and believed that the incident was her fault.

Three months later, Jane Doe told her best friend, M., what had occurred. M. convinced Jane Doe to call Jane Doe's mother and to tell her mother that she needed to talk to her when she got home; when her mother arrived, Jane Doe told

---

[1]To protect the anonymity of the child victim and the child victim's best friend, we use pseudonyms or initials to refer to them. *See* TEX. CONST. art. I, § 30(a)(1); TEX. R. APP. P. 9.10(a)(3) (requiring redaction of sensitive data, which includes "the name of any person who was a minor at the time the offense was committed").

her what had occurred, and they went to the police department to report the incident. Law enforcement's subsequent investigation resulted in Appellant's arrest.

During cross-examination, Jane Doe admitted that she was asleep with a puppy on her lap when she felt Appellant's alleged sexual contact. She testified that she did not see Appellant's hand in her lap but awoke as "[h]e was pulling his arm back." Jane Doe reiterated during redirect examination that she "saw his hand leave [her] body" and that she was certain it was Appellant, and not the puppy, that had touched her inappropriately. She then admitted that she never saw Appellant's hand touching her body, only his arm as he pulled it back from her. She testified: "I'm not guessing[,] I saw his hand," "I felt something, and then I woke up, and I saw him pull his arm back," and "I saw his arm move, and I felt something." The parties agree that Jane Doe's testimony constituted the only evidence presented at trial to show that Appellant had committed the charged offense.

## II. *Standard of Review*

We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all of the evidence admitted at trial, including improperly admitted

evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). As such, we defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762; *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. This deference accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Because the standard of review is the same, we treat direct and circumstantial evidence equally. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). It is not necessary that the evidence directly prove the defendant's guilt. Rather, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can, without more, be sufficient to establish his guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13); *Lee*, 676 S.W.3d at 915. A guilty verdict

does not require that every fact must directly and independently prove a defendant's guilt if the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

Finally, we measure the sufficiency of the evidence by the elements of the charged offense as defined by the hypothetically correct charge for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In this regard, to determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt under the *Jackson* standard, we compare the elements of the offense to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik*, 953 S.W.2d at 240). The hypothetically correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

## III. *Analysis*

Appellant asserts that Jane Doe's testimony is insufficient to support his conviction. Indecency with a child by contact is a conduct-oriented offense. *See Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007). As relevant to this case, a person commits the offense of indecency with a child by contact if he touches, *including by touching through or over the child's clothing*, any part of the child's genitals, with the intent to arouse or gratify his sexual desire. *See* PENAL

5

§ 21.11(a)(1), (c)(1); *Roe v. State*, 660 S.W.3d 775, 782 (Tex. App.—Eastland 2023, pet. ref'd).

Jane Doe was asleep, she did not see Appellant make sexual contact with her, and there was a puppy in her lap that, Appellant contends, could have been the source of the feeling that she experienced. Appellant acknowledges that a child victim's uncorroborated testimony may be sufficient to support a conviction for this type of offense. *See* CRIM. PROC. art. 38.07 (West 2023); *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990); *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd) (The uncorroborated testimony of a child victim is alone sufficient to support a conviction for a charged sexual offense.). He argues, however, that Jane Doe unequivocally stated that she did not *see* the sexual contact occur. As such, Appellant emphasizes that, here, the jury was not tasked with resolving a "conflict" in the evidence, but rather with determining whether Jane Doe's testimony—even if believed and conflict free—was sufficient to support an essential element of the charged offense beyond a reasonable doubt.

The State argues, and we agree, that Jane Doe testified that when she awoke to the experience of being touched, she saw Appellant's arm withdrawing from her and he was on her side of the couch. When she told him to stop, he retreated to the opposite end of the couch, and he asked her if he "could do it again." When she refused, he asked her not to tell her mother what had occurred. Thus, Jane Doe's testimony goes beyond her statements that she did not *see* Appellant touching her— she *felt* herself being touched, she awoke to see that Appellant had moved to her end of the couch and was withdrawing his arm from her, he asked her if he "could do it again," and he told her not to tell her mother.

Contrary to Appellant's characterization of her testimony, Jane Doe's testimony constitutes sufficient evidence to support the jury's reasonable and logical

6

inference that Appellant engaged in sexual contact with Jane Doe by touching her genitals through her clothing. As we have said, circumstantial evidence can, without more, be sufficient to establish a defendant's guilt. *Carrizales*, 414 S.W.3d at 742 (citing *Hooper*, 214 S.W.3d at 13); *Lee*, 676 S.W.3d at 915. Moreover, and as we have held, "touching" for purposes of sexual contact, occurs when it is *perceived or felt* by the person that was touched. *See Roe*, 660 S.W.3d at 782 (first citing *Tienda v. State*, 479 S.W.3d 863, 873–74 (Tex. App.—Eastland 2015, no pet.); and then citing *Resnick v. State*, 574 S.W.2d 558, 560 (Tex. Crim. App. [Panel Op.] 1978)). Thus, irrespective of the way in which a defendant touched the genitals of the child victim, if the touching was *felt* by the victim, as it was here, and done with the requisite intent, such touching constitutes indecency with a child by sexual contact. *Roe*, 660 S.W.3d at 782.

In all cases, the jury may believe all, some, or none of a witness's testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); *Reyes v. State*, 465 S.W.3d 801, 805 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)); *see Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. As the trier of fact and the sole judge of witness credibility, it is the jury's duty to weigh and resolve any conflicts in the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761; *Brooks*, 323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. Thus, because we may not reevaluate the evidence or substitute our judgment for that of the factfinder, we defer to the factfinder's credibility and weight determinations. *See* CRIM. PROC. art. 36.13; *Garcia*, 667 S.W.3d at 762; *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899; *Dewberry*, 4 S.W.3d at 740.

We have reviewed the cumulative force of all the evidence in the light most favorable to the jury's verdict, as we must, and we conclude that the record contains

sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant committed the offense of indecency with a child by sexual contact as charged in the indictment. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761.

Accordingly, we overrule Appellant's sole issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


January 8, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.